DANIEL D. BELL, Respondent, *v.* JOHN A. DIX, Appellant.

The right to remove an action from a State court into the Circuit Court of the United States under the provisions of the act of congress of 1863 " relating to *habeas corpus* and regulating judicial proceedings in certain cases " (12 U. S. Stat. at Large, ch. 81, p. 756), as amended by the act of 1866 (14 U. S. Stat. at Large, ch. 80, p. 46), does not depend upon any act or assent of the State court. If the case is within the provisions of that act and defendant has regularly taken the steps required by it for the purpose of removal, all proceedings in the State court are stayed absolutely; it has no further jurisdiction of the action; and any subsequent steps therein would be *coram non judice* and void. It cannot be compelled, therefore, to grant any order staying proceedings; and such an order would add nothing to the force and effect of the act and the proceedings for removal. The question of jurisdiction must be decided by the Circuit Court. If the plaintiff persists in proceeding in the State court, the defendant should apply to the Federal Court for the proper mandate staying proceedings, and to compel a transcript of the record to

be certified to that court; and if plaintiff claims that the cause has not, for any reason, been removed, he may apply to that court to remand the cause. (ALLEN J.; CHURCH, Ch. J., and RAPALLO, J., concurring; GROVER and PECKHAM, JJ., dissenting.)

Plaintiff was imprisoned in Fort La Fayette in 1864 by order of defendant. Defendant justified as major-general of the army of the United States and as military commander of the department of the east, and took the steps required by the act of congress of 1863 (above specified) to remove the cause into the Circuit Court of the United States. *Held* (FOLGER, J.; CHURCH, Ch. J., concurring; GROVER and PECKHAM, JJ., dissenting), that the case was not within the provision of that act.

(Argued April 9th, 1872; decided April 23d, 1872.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, dismissing an appeal from an order of Special Term denying motion of defendant to stay all further proceedings in this action.

The action is brought to recover damages for the alleged arrest and imprisonment of the plaintiff by the defendant in the year 1864.

The defence is that the acts complained of were done during the late rebellion and while the defendant was major-general in the army of the United States and in command of the department of the east, the defendant acting in his official capacity by virtue of his authority as a military commander and under orders from his superiors.

The defendant having appeared and answered, filed his petition and bond to remove the cause to the Circuit Court of the United States, in pursuance of the act of congress entitled "An act relating to *habeas corpus,* and regulating judicial proceedings in certain cases," approved March 3, 1863, and the act amendatory thereof, approved May 11, 1866.

A motion was then made to suspend further proceedings in the State court. This motion was denied.

*Samuel J. Glassey* and *S. H. Hill,* Assistant Attorney-General (U. S.) for the appellant. The action is clearly within the express terms of the acts of congress referred to. (See act of March, 1863, 12 Stat. at Large, 755; id., May 11,

1865, 12 id., vol. 14, p. 46.) The acts of congress referred to are (excepting so much of the fifth section of the act of 1863 as allows a new trial after judgment) all constitutional and valid. (*Jones* v. *Seward*, 17 Abb., 377; *Hodgman* v. *Millward*, 3 Grant's Cases, 406, 418; *Kulp* v. *Ricketts*, id., 420.) The provisions of the acts having been complied with, the State court at once loses jurisdiction, and the propriety of the transfer can be inquired into only in the United States court. (*Illius* v. *N. H. R. R. Co.*, 13 N. Y., 59; *Gorden* v. *Longest*, 16 Peters, 97; *Stevens* v. *Phœnix Ins. Co.*, 41 N. Y., 149; *Fargo* v. *McVicker*, 38 How. Pr., 1; *Kanouse* v. *Martin*, 15 How. [U. S.), 198; and see Story on Constitution, §§ 1732–1753, and cases cited.) The order affects a substantial right and is appealable to this court under subdivision 4 of section 11 of the Code. (See *Leland* v. *Hathorne*, 9 Abb. [N. S.], 97; *Townsend* v. *Hendricks*, 40 How., 143; *Bolles* v. *Duff*, 10 Abb. [N. S.], 421; *De Barante* v. *Deyermond*, 41 N. Y.; 357; *Foote* v. *Lathrop*, 41 id., 361; *Ayres* v. *Gt. Western R. R.*, 45 N. Y., 264; *State* v. *Dunlop*, 65 N. C., 491.)

*D. M. De Witt* for the respondent. The order is not appealable. (Code, § 11, sub. 2; § 349, sub. 3, 4; *Illius* v. *N. Y. & H. R. R. Co.*, 13 N. Y., 597.) After the necessary steps are taken for removal, all subsequent proceedings in the State court are *coram non judice* (*Stephens* v. *Phœnix Ins. Co.*, 41 N. Y., 149), and are reviewable on appeal from judgment. (*Gordon* v. *Longest*, 16 Peters, 97; *Kanouse* v. *Martin*, 15 How. [U. S.], 198, 210; *Martin* v. *Kanouse*, 6 How., 240.) It has always been held necessary for the party seeking a removal of his cause to make a motion to the State court, founded on his petition and bond. (*Corp.* v. *Vermilye*, 3 John., 145; *Livingston* v. *Gibbons*, 4 John. Ch., 94; *Redmond* v. *Russell*, 12 John., 153; *Rogers* v. *Rogers*, 1 Paige, 183; *State of Penn.* v. *Cobbett*, 3 Dallas, 467; *Roberts* v. *Cannington*, 2 Hall, 649; *Blanchard* v. *Dwight*, 12 Wend., 192; *Carpenter* v. *N. Y. & N. H. R. R. Co.*, 11 How., 481;

*Livermore* v. *Jenks*, 11 How. Pr., 479 ; *Cooley* v. *Lawrence*, 12 id., 176 ; *Sudam* v. *Smith*, 1 Denio, 263 ; *Norton* v. *Hayes*, 4 id., 245 ; *Denniston* v. *N. Y. & N. H. R. R. Co.*, 2 Abb., 278, 415 ; *Fairchild* v. *Durand*, 8 Abb. Pr., 305 ; *Disbrow* v. *Driggs*, 8 Abb., 305, note * ; *Anderson* v. *Manufacturers' Bank*, 14 id., 436 ; *Bristol* v. *Chapman*, 34 How. Pr., 140 ; *Smith* v. *Butler*, 38 id., 192 ; *Ayres* v. *West. R. R. Corp.*, 48 Barb., 132 ; *N. Y. Piano Co.* v. *N. H. S. Co.*, 2 Abb. [N. S.], 357 ; *Gordon* v. *Longest*, 16 Peters, 103, 104 ; *Fisk* v. *C. R. I. & P. R. R. Co.*, 53 Bar., 472, 481 ; *Cooke* v. *Nat. Bank*, 1 Lans., 494 ; *Jones* v. *Seward*, 40 Barb., 563 ; 41 id., 274 ; *Benjamin* v. *Murray*, 28 How., 193 ; *Patrie* v. *Murray*, 42 Barb., 323.) The fifth section of the act of 1863 provides for the removal of those causes only where the defence created by the fourth section, as construed by section one of the act of 1866, is interposed. (*Jones* v. *Seward*, 41 Barb., 269 ; *People* v. *Murray*, 5 Park. Cr., 577 ; *Patrie* v. *Murray*, 43 Barb., 323 ; *Benjamin* v. *Murray*, 28 How. Pr., 193 ; *Mayor* v. *Cooper*, 6. Wallace, 247.) A party seeking to avail himself of the privileges of the act must show himself clearly within its provision. (*Redmond* v. *Russell*, 12 J., 153 ; *Cooke* v. *State Nat. Bank*, 1 Lans., 501.)

ALLEN, J. The defendant appeals from an order of the General Term of the Supreme Court dismissing an appeal from an order of the Special Term of the same court denying a motion to stay proceedings in the action in the State courts. The action is for false imprisonment, alleged to have been committed by the defendant in 1864. The defendant justifies the arrest and imprisonment of the plaintiff in Fort La Fayette at the time stated, and during the continuance of the rebellion as a major-general of volunteers, in the military service of the United States, and claims the benefit of the acts of congress of March 30, 1863, and May 11, 1865, 12 Stat. at Large, 755 ; 14 id., 46, and of proceedings under those acts for the removal of the action from the State court to the Circuit Court of the United States for the southern district of

New York. For all the purposes of this appeal we may assume the position taken in behalf of the defendant as sound, viz. :

1st. That the case is within the provisions of the act of congress referred to, and that the defendant is entitled to remove the same in the manner prescribed to the Federal courts.

2d. That the proceedings taken by law for the purpose of removing the cause conform strictly to the requirements of the act, and that he has done all that is required to be done for the removal of the action, and that his proceedings are entirely regular and within the acts. If these positions are not well taken, and either is held adversely to him, then he had no right to the stay demanded, and the order of the Supreme Court should be affirmed. If he is right in both particulars, then this action was and is effectually removed from the State court, and any proceedings in that court would be *coram non judice* and void. The Supreme Court had no longer jurisdiction of the cause, and no order it should make therein would be of the least force. An application to the court by a party claiming that the court has lost jurisdiction is a vain thing. It is inconsistent with the claim and the grounds upon which the application is made, as it implies that the court has a discretion to exercise — a right to determine whether it will or will not suffer the action to proceed in that forum. It is something like a waiver of the proceedings to remove the cause and a submission to the jurisdiction of the State court. The right to remove the cause, or the fact of removal, did not depend upon any act or assent of the State court; if so, it would make all benefit of the right to depend on the defendant's joining in or taking further proceedings in a court forbidden by law to entertain them. As said by Judge CURTIS: " It would engraft upon the act of congress a new proviso; although the court was required to proceed no further, yet it might proceed if the defendant should fail to plead to the jurisdiction, or, as in this case, omit to apply to the court for a stay of proceedings, thus making the stay, which

is perfect under the act of congress, conditional, dependent on the act of the court. (*Kanouse* v. *Martin*, 15 How. U. S. R., 198.) When the application to remove a cause is in proper form, it is the duty of the State court "to proceed no further in the cause," and every step subsequently taken in the exercise of a jurisdiction in a case, whether in the same court or in the Court of Appeals, is *coram non judice*. (*Gordon* v. *Longest*, 16 Peters, 97.) The State court cannot, in its discretion, deny the right of removal. It is a novel proceeding for a suitor to apply to a court, from which the record and the cause have been removed, for relief, which the court having jurisdiction can only effectually grant. This court decided that an appeal would not lie from an order of the Supreme Court removing an action commenced there to the United States court. (*Illius* v. *New York and N. H. R. R. Co.*, 3 Kern., 597.) The order did not affect a substantial right, and did not determine the action or permit a judgment therein. It was claimed in that case that the action was not within the United States judiciary act, and that the Circuit Court had, therefore, acquired no jurisdiction; and it was answered by the court "that the United States court will either assume jurisdiction of the suit and proceed to judgment, or it will not. If it does, then certainly the action has not yet been determined; if it refuses to do so, then the order complained of will be vacated, and the case will proceed in the Supreme Court. The question of jurisdiction must be decided by the Circuit Court itself. In *Stevens* v. *Phœnix Ins. Co.* (41 N. Y., 149), and *Ayers* v. *Western R. R. Corporation* (see Memoranda), recently decided by this court, the question of jurisdiction was directly presented by the record, the Supreme Court having given judgment in the action. But here no order or judgment has been given against the defendant in disregard of the alleged removal of the action and under a claim of jurisdiction; that is, no jurisdiction has been asserted or exercised by the Supreme Court against the defendant in the action, and he has no absolute right to demand of the

Supreme Court the expression of an opinion as to the effect of the proceedings to remove the cause.

The order of the Supreme Court or of this court granting or refusing a stay would be, in effect, but the expression of an opinion upon the question; as neither court has the power to decide the question either way, the decision would neither be authoritative or final in the premises. Another tribunal has exclusive and paramount jurisdiction, and the parties should seek redress in that court. If the plaintiff persists in proceeding in the State court, the defendant should apply to the federal court for the proper mandate staying the proceedings in the State court, and to compel a transcript of the record to be certified to that court; and if the plaintiff claims that the cause has not, for any reason, been removed, he may apply to the Circuit Court to remand the cause. In this way there can be no possible collision between the federal and State courts, and the constitution of the United States and the acts of congress will have full effect. The defendant has lost no substantial or absolute right by the denial of his motion. The act of congress, if he is within its terms and has complied with its provisions as he claims and we assume, without however deciding either question, stays absolutely all proceedings in the State court. An order of the Supreme Court is entirely unnecessary, and would add nothing to the force of the act. The court cannot be compelled to act in a case for either party where it has no jurisdiction.

The Supreme Court properly refused to grant the motion for the reason that, upon the claim of the defendant and upon which he must succeed if he is right, the court had no jurisdiction. Again, if it can be said that the court has any discretion, where it has no jurisdiction, it was discretionary with the court whether to grant the motion or remit the parties to the proper tribunal for an adjudication of the question.

The order should be affirmed.

GROVER, J. (dissenting). Whether the order is appealable to this court depends upon the inquiry, whether the defend-

ant had an absolute right to a stay of all further proceedings in the action in the Supreme Court. If he had, the order is appealable. If it was discretionary whether or not to grant such stay, it is not appealable. (Code, sub. 4, § 11 ; *Foote* v. *Lathrop*, 41 N. Y., 358 ; § 3 of the act of congress of May 11, 1866 ; 14 U. S. Statutes at Large, 46) ; among other things, provides that upon filing the petition for the removal of the cause to the Circuit Court of the United States, &c., the further proceedings in the State court shall cease, and not be resumed until a certificate, under the seal of the Circuit Court, stating that the petitioner has failed to file copies in the Circuit Court at its next term, is produced. It follows, that if the cause was removed into the Circuit Court, the appellant had an absolute right to a stay of further proceedings in the Supreme Court. It was the duty of the Special Term to determine whether the cause was removed. It did determine that it was not, and upon this ground denied the motion. There was no question but that the proper bond with sufficient surety had been filed, and none but that the facts stated by the appellant in his petition were true and that the petition was seasonably and properly filed. It appears from the opinion, that the Special Term denied the motion, for the reason that these facts did not constitute a defence, or in other words, show a case that came within the provisions of the acts of congress authorizing a removal of the cause. Those facts in substance were, that the action was brought to recover damages for the alleged arrest of the plaintiff and his imprisonment and detention in the city of New York, and at Fort La Fayette, in the State of New York, in the year 1864. That the petitioner had appeared in the action and answered the complaint, and that the action was pending and at issue, and that, at the time the plaintiff alleges in his complaint he was arrested and imprisoned, and for a long time prior thereto, the petitioner was a major general of volunteers in the army of the United States, and was, by order of the president of the United States, assigned to and exercising command of the military department known as the department of the

east, which department included in its limits the whole of the State of New York. That while the petitioner was in such command, he was as such major general commanding, officially informed that the said plaintiff, Daniel D. Bell, was or represented himself to be an officer in the volunteer service of the United States, to wit, captain in the 132d regiment of New York Volunteers, and that while acting as such officer he, the plaintiff, had cheated and defrauded certain recruits out of bounty which had been paid for them; that thereupon it became the duty of the petitioner, by virtue of his office and command, to cause the plaintiff to be arrested and held for examination and trial. That an order was written and signed by command of the petitioner by a major in the volunteer service of the United States, and aid to the petitioner, directed to an officer in Ulster county, directing the arrest and detention of the plaintiff at Fort La Fayette, and that he was so arrested and detained by virtue of and under said order. That the action was brought for such arrest and imprisonment, which took place during the rebellion, under the order above mentioned, and that the suit was brought for alleged trespasses committed during the rebellion by virtue of or under color of authority derived by the petitioner from the president of the United States, and that all the acts of the petitioner in the premises were done under and by virtue of his authority as major-general, and that all such acts were done under and in pursuance of the general orders issued by the president and secretary of war in force at the time said plaintiff was arrested and imprisoned. (Section four of the act of congress relating to habeas corpus and regulating judicial proceedings in certain cases.) 12 U. S. Statutes at Large, 756, provides that any order of the president, or under his authority, made at any time during the existence of the present rebellion shall be a defence in all courts to any action or prosecution, civil or criminal, pending or to be commenced, for any grant, seizure, arrest or imprisonment, made, done or committed, or acts omitted to be done under and by virtue of such order, or under color of any law of congress, and such

defence may be made by special plea or under the general issue. Section one of the act to amend the act relating to habeas corpus, etc. 14 U. S. Statutes at Large, 46, provides that any search, seizure, arrest or imprisonment made, or any acts done or omitted to be done, during the said rebellion, by any officer or person under and by virtue of any order, written or verbal, general or special, issued by the president or secretary of war, or by any military officer of the United States holding the command of the department, district or place within which such seizure, search, arrest or imprisonment was made, done or committed, or any acts were so done, or omitted to be done, either by the person or officer to whom the order was addressed, or for whom it was intended, or by any other person aiding or assisting him therein shall be held and are hereby declared to come within the purview of the act to which this is amendatory, and within the purview of the fourth, fifth and sixth sections of said act for all the purposes of defence, transfer, appeal, error or limitation provided therein. Section five of the act of March 3, 1863, provides for the removal of cases arising upon the act to the United States court for trial. Section three of the act of March 11, 1866, amends and construes the fifth section of the act of 1863. The petitioner has done all that is required by these sections to remove the cause, provided the facts stated in the petition show a case within the provisions of these statutes. The law is so well settled that in cases to which the judicial power of the government of the United States extends, congress may provide for their removal before trial in the Federal courts, or for the review by the Supreme Court of the United States upon appeal or writ of error of judgments of the State courts, that an examination of the authorities is unnecessary. The only question is, whether the case of the petitioner is one to which the judicial power of the United States government extends. Section 2, article 3, of the United States constitution, among other things, provides: That the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United

States and treaties made under their authority. The case presented by the petition is one presenting the questions whether the acts of congress, above referred to, are constitutional, and therefore valid and sound. Whether by these acts power was conferred upon the president and other officers specified to determine in what cases the public safety required a search, seizure, arrest or imprisonment of any person, and to issue orders directing such searches, etc., when it was so determined, making such orders, when issued, a defence to any action brought for the acts done in pursuance thereof, a defence as well for the president or other officer authorized to issue them, as for subordinates who acted in their execution. These and other questions upon these acts that may arise upon the trial, the petitioner has an absolute legal right to have determined by the courts of the United States. The State courts cannot deprive him of this right, whatever views may be entertained in regard to the questions so presented. The question is not whether the defence is valid in the opinion of the State court, but whether the validity or construction of the acts of Congress is to be determined. (*Jones* v. *Seward*, 41 Barb., 270.) The orders of the General and Special Terms must be reversed and an order staying all further proceedings granted.

CHURCH, Ch. J., and RAPALLO, J., concur with ALLEN, J.

CHURCH, Ch. J., and FOLGER, are of opinion that the case is not within the act of congress.

For affirmance, CHURCH, Ch. J.; ALLEN, FOLGER and RAPALLO, JJ.

For reversal, GROVER and PECKHAM, JJ.

Order affirmed.