Ayres v. Leypoldt.

---

JOHN B. AYRES *against* FREDERICK LEYPOLDT.

(Decided June 28th, 1875.)

The plaintiff having an overdue account against A. for goods sold and delivered to him, A. indorsed and delivered to him the promissory note of the defendant, and the plaintiff gave A. credit on his account for the amount of the note, less the interest to the time it fell due, and also gave A. a receipt for the note " on account." The plaintiff surrendered no securities, and there was no evidence of any special agreement to release any part of the debt, or extend the time for the payment of it : *Held,* that the plaintiff was not a holder of the note for value.

APPEAL by the defendant from a judgment of the general term of the Marine Court of the city of New York, reversing a judgment of that court (dismissing the plaintiff's complaint),

entered on the report of a referee, and ordering judgment for the plaintiff and against the defendant for $365 24.

The action was brought against the defendant on his promissory note for $239 52, dated May 25th, 1874, and payable four months after date to the order of Waldron & Payne.

The defense was that the note had been made by the defendant solely for the accommodation of Waldron & Payne, under an agreement with them that it was to be used for a special purpose only, and that it had been used by Waldron & Payne for a different purpose. On the trial, these facts were established by uncontradicted evidence, and the only question litigated was, whether the plaintiff was a holder for value. On this point the evidence was, that before maturity of the note, Waldron & Payne being indebted to the plaintiff in about $900 on an overdue account for goods sold and delivered by him to them, gave the note in suit to the plaintiff on account thereof. The plaintiff at the time gave Waldron & Payne credit in his books, on their account, for the amount of the note (less interest to the day it fell due), and also gave them a receipt in writing, expressing that he had received the note " on account." The plaintiff did not, however, surrender any securities or evidences of debt, nor was there any evidence to show that any special agreement was made by the plaintiff to release any portion of his claim against Waldron & Payne, or to extend the time for payment of any part of it.

*Theron G. Strong*, for appellant.

This case is in its facts and principle precisely and squarely within the case of *Turner, Admx.* v. *Treadway*, reported in memoranda of cases in 53 N. Y. 650. He cited also *Weaver* v. *Bardon* (49 N. Y. R. 286, 293-295); *Lawrence* v. *Clark* (36 N. Y. R. 128); *Rosa* v. *Brotherson* (10 Wend. 85); *Farrington* v. *Frankfort Bank* (24 Barb. 554); *Coddington* v. *Bay* (20 Johns. 637); *Wardell* v. *Howell* (9 Wend. 170); *Coleman* v. *Lansing* (4 Lans. 70, 72).

*Hall & Webster*, for respondent.

The principal question in this case is whether or not the

plaintiff is a holder of the note in suit for value. The U. S. Supreme Court has held, on an elaborate review of the law, that a *bona fide* holder for a pre-existing debt of a negotiable instrument is not affected by any equities between the antecedent parties, where he received the same before it became due without notice of any such equities (*Swift* v. *Tyson*, 16 Peters, 1). The courts of nearly all the States have so held. Mr. Justice Story, writing the opinion in *Swift* v. *Tyson*, reviewed the New York decisions, and arrived at the conclusion that the weight of authority in this State was in accordance with the principle there laid down. Chancellor Kent, on a careful review of authorities in this State, arrived at the same conclusion (Kent's Com. vol. 3, p. 81 [star paging]). The decision in *Swift* v. *Tyson* is sustained in Story on Promissory Notes (p. 218, section 195).

Under the decisions in the following cases plaintiff is clearly a holder for value of the note in suit (*White* v. *Springfield Bank*, 3 Sandf. 222; *Youngs* v. *Lee*, 12 N. Y. [2 Kern.] 551; *N. Y. Marbled Iron Works* v. *Smith*, 4 Duer, 362; *Stettheimer* v. *Meyer*, 33 Barb. 215; *Bank of Salina* v. *Babcock*, 21 Wend. 499; *Bank of Sandusky* v. *Scoville*, 24 Wend. 115; *Boyd* v. *Cummings*, 17 N. Y. 101; *Purchase* v. *Matteson*, 3 Bosw. 310; *Burns* v. *Rowland*, 40 Barb. 368; *Gould* v. *Seger*, 5 Duer, 260; *Brown* v. *Leavitt*, 31 N. Y. 113; *Pratt* v. *Coman*, 37 N. Y. 440). The cases of *Brown* v. *Leavitt* and *Pratt* v. *Coman* are conclusive on the question at issue. There was no dissenting opinion in either of those cases, all the judges concurring. The case of *Lawrence* v. *Clark* is a decision by a divided court, and is not a parallel case to the one at bar. The case of *Weaver* v. *Bardon* is not an authority in the case at bar. The subject of the action in that case was not negotiable paper, and was without any of the qualities of commercial or negotiable paper. *Rosa* v. *Brotherson* was overruled in *Scott* v. *Betts* (Hill and Den. Supp. 363). *Wardell* v. *Howell*, *Coddington* v. *Bay*, and *Stalker* v. *McDonald*, are not parallel cases to the one at bar. The notes, in those cases, were not taken in payment of a debt. In this case there is no question

about the note having been taken in part payment of a debt. Plaintiff gave a receipt for the note, as payment *pro tanto* of the debt. Plaintiff's right of action for so much of the original debt was suspended until maturity of the note as effectually as if there had been an express agreement to extend the time. It is not a case where a note is given as collateral security, and not in payment wholly or in part, and accompanied with no agreement to postpone the time of collection of the debt. The transaction in this case had the same legal effect as an express agreement to postpone collection of the debt (*Frisbie* v. *Larned*, 21 Wend. 450; *St. John* v. *Purdy*, 1 Sand. 10). The rule is laid down in *Cary* v. *White* (52 N. Y. 142), that when there is an extension of time, even for a single day, by a valid agreement as consideration for a note given for an antecedent debt, there is a valuable consideration. The case of *The Atlantic Nat. Bank of N. Y.* v. *Franklin* (55 N. Y. 235), was decided on the ground that the notes were transferred merely as collateral security, and not in payment, and that there was no agreement for any extension of time as a consideration for the notes, and that there was no extension by legal effect, and no right as to the original debt was surrendered.

CHARLES P. DALY, Chief Justice.—In this case, the note in suit was diverted from the purpose for which it was made, and was received by the plaintiff in part payment for goods sold. The case, therefore, presents the same question which we have passed upon in *McAdam* v. *Cooke*, decided at the present term (*ante*, p. 101). The plaintiff, upon the authority of *Weaver* v. *Bardon* (49 N. Y. 236), and *Turner* v. *Tredway* (53 Id. 650), was not a *bona fide* holder of the note before maturity for value. The precedent debt, which it was taken in part payment of, was not evidenced by any writing or written acknowledgment which the plaintiff parted with, nor did they give up any security of any kind upon receiving it. There was consequently no agreement to be implied under such circumstances, to extend the time for the payment of the goods founded upon any new consideration, such as the parting with any security or existing obligation.

The decision of the general term of the Marine Court, therefore, was erroneous. It must consequently be reversed, and the judgment rendered upon the report of the referee affirmed.

LARREMORE, J., concurred in this opinion.

ROBINSON, J.—I concur, upon the ground that the plaintiff, having taken the note in suit in payment of an antecedent debt (not released), was not a *bona fide* holder for value.

Judgment reversed.