FRANCIS VOSE, Respondent, *v.* DAVID L. YULEE, Appellant.

This action was brought originally against several defendants. Upon a former trial the complaint was dismissed as to all. Upon appeal to this court the judgment was affirmed as to all the defendants except Y., and reversed as to him and new trial granted. Y. thereupon filed a petition to remove the cause to the United States Court, under the act of July 27th, 1866 (14 U. S. Stat. at Large, 306), providing for a removal where one of several defendants is a resident of another State. *Held*, that the attempted removal was ineffectual, as at the time Y. was the only defendant, and that the court could take judicial notice of the fact from its own records.

Also, *held,* that Y. could not have made a case for removal as the action was originally, it being a claim against all the defendants upon a joint liability in equity.

Where a party attempting to remove a cause omits to apply to the United States Court for a mandate staying proceedings in the State court, that court will not oust itself of jurisdiction unless such party shows that he has strictly complied with the statute.

(Argued February 24, 1876; decided March 21, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This originally was an equitable action brought againt The Florida Railroad Company, defendant Yulee and others, founded upon certain promissory notes made by said company and a portion of which were indorsed by defendant Yulee, which notes were secured by internal improvement bonds of the State of Florida, which were a first mortgage upon said company's road. The road was sold upon foreclosure, and the plaintiff claimed that the sale inured to his benefit and the relief prayed for was that the defendants should be deemed trustees for plaintiff of the rents, profits and income of the road. The complaint was dismissed upon trial, and the judgment entered thereon was affirmed by the General Term. On appeal to this court the judgment was affirmed as to all the defendants, except the defendant Yulee, and as to him it was reversed and a new trial granted. (See 50 N. Y., 369.) After the filing of the remittitur and before the cause came on for a second trial, the defendant Yulee filed his petition with notice of motion for a removal of the cause into the United States Circuit Court under the act of July 27, 1866. (14 U. S. Stat. at Large, 306.) The motion was made and denied. Upon the trial defendant's counsel moved to dismiss the complaint for want of jurisdiction, on the ground that the cause had been removed, which motion was denied. Further facts appear in the opinion.

*Edw. N. Dickerson* for the appellant. Defendant was not obliged to appeal from the refusal to grant an order ot

removal or to procure a stay. (*Kenouse* v. *Martin*, 14 How. [U. S.], 23; 15 id., 199.) This was a case that could be properly removed into the United States Court. (14 U. S. Stat. at Large, 306.) The right of removal exists at all times up to final trial, even when a jury is impanneled. (*Ackerly* v. *Vilas*, 1 Abb [N. S.], 284.)

*Samuel Hand* for the respondent. The motion to dismiss the complaint for want of jurisdiction was properly denied. (*Bell* v. *Dix*, 49 N. Y., 238; 2 R. S. [Edm. ed.], 412, § 25; Laws 1869, chap. 133; *Florence* v. *Butler*, 9 Abb. [N. S.], 63; *Dunn* v. *Ins. Co.*, 19 Wall., 214.) The motion to dismiss the complaint on the ground that there was no cause of action was properly denied. (*Vose* v. *Fla. R. R. Co.*, 50 N. Y., 376; Code, § 275; *Marquat* v. *Marquat*, 12 N. Y., 336; *Jones* v. *Butler*, 20 How., 189: *Armitage* v. *Pulver*, 37 N. Y., 494.)

Church, Ch. J. The learned counsel for the defendant urges two grounds for a reversal of the judgment.

First, that the action was removed before trial to the Circuit Court of the United States; and second, that evidence was improperly rejected.

An attempt was made to remove the case to the United States court, under the act of 27th July, 1866 (14 U. S. Stat. at Large, 306), which provides for a removal in a case where the action is against more than one defendant, one of whom is a citizen of a State other than the one in which the suit is brought, and as to whom a final determination of the controversy may be had, without the presence of the other parties. The fatal objection to the claim for a removal is, that the defendant Yulee was the only defendant at the time the attempted removal was made. The action originally was against Yulee and several others. Upon the trial the complaint was dismissed as to all the defendants, which was affirmed at the General Term, and, upon appeal to this court, the judgment was affirmed as to all the defend-

ants except Yulee, and reversed as to him, and a new trial granted. (50 N. Y., 369.) When the *remittitur* from this court was sent down and made the judgment of the Supreme Court, the only defendant to the action was Yulee, and we can take judicial notice of this fact from our own records. The defendant was not, therefore, entitled to a removal of the case under the act of 1866, and it was too late to apply under the act of 1789. Nor could he have made a case under the act of 1866, in the original action, for the reason that the claim was against all the defendants upon a joint liability in equity. When it went back it was substantially an action at law against the defendant as indorser of certain promissory notes. If the action had been brought against him originally in that form, he might have made a case for removal under the act of 1789, but this cannot aid him in making a case under the act of 1866. It is unnecessary, therefore, to determine whether the defendant could avail himself of the point upon the trial, or whether he must seek his remedy by motion, and, if denied, upon appeal from the order.

Assuming that a compliance with the statute operates to remove a case without any action of the court, a State court will not oust itself of jurisdiction unless a plain case is made. The party is at liberty to apply to the United States court for a mandate staying proceedings in the State court, and if he omits to do this, he must at least show that he has strictly complied with the statute. (49 N. Y., 238.)

It was held by this court when the case was here before, that the defendant was entitled to be allowed the value of certain bonds which had been sold without notice, and at the trial the plaintiff was asked if he had not procured an injunction restraining the internal improvement company from selling certain lands, and ordering the payment of bonds. Perhaps this question might have been proper as preliminary to an inquiry as to the value of the bonds in question, but there was no specification of bonds, and no offer or proposition to prove the value of the bonds, and it requires some astuteness to see how the obtaining of an injunction could

affect the question of value. The relevancy of the question is not apparent, and the counsel did not suggest any additional facts to make it so.

The judgment must be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.