# N. Y. COMMON PLEAS.

## TREVOR C. LEUTZ agt. WILLIAM BUTTERFIELD.

*Causes that may be removed to the United States courts.*

Under the act of congress, passed March 3, 1875, allowing a removal of causes from the state courts to the United States courts in certain cases (*U. S. Stat.*, 1875, *chap.* 137), an action in which there is a controversy between citizens of different states can be removed, even although by reason of plaintiff being an assignee of one who was a citizen of the same state as defendant, original cognizance of the action could not have been taken by the United States court.

*General Term, February,* 1877.

PLAINTIFF, a citizen of New York, sued defendant, a citizen of Massachusetts, for a balance of account alleged to be due plaintiff's assignor. Defendant entered his appearance in the action, and filed his petition and bond for the removal of the cause to the circuit court of the United States, for the southern district of New York, in pursuance of the statute. The claim in dispute was assigned to plaintiff by one Henry E. Townsend, a citizen of Massachusetts. An application by defendant to this court for an order removing the action to the United States court was denied, and the same was tried by a referee and judgment rendered for plaintiff, from which defendant appeals.

*John Henry Hull,* for appellant.

*Edward D. McCarthy,* for respondent.

Leutz agt. Butterfield.

LARREMORE, J. — The proceedings by defendant to remove the action were proved on the trial, and an exception taken to the refusal of the referee to find that this court had no jurisdiction in the premises. The first question for consideration is necessarily that of jurisdiction. Is this court the proper tribunal for the adjudication of the rights of the parties? This depends upon the construction given to the act of congress passed March 3, 1875 (*U. S. Statutes*, 1875, *chap*. 137), entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts and for other purposes." This act repeals all parts of foregoing acts inconsistent with or repugnant thereto, and if defendant has complied with its provisions, then the trial of this action by the referee and all proceedings subsequent thereto were *coram non judice*. By this act (*sec.* 1) the circuit court is given original cognizance of all suits of a civil nature, when the matter in dispute exceeds $500, in which there shall be a controversy between citizens of different states, &c. But said court shall not have cognizance of any suit founded on contract in favor of an assignee, unless such suit might have been prosecuted in said court, if no assignment had been made, except in cases of negotiable paper. Section 2 provides that any suit of a civil nature at law or in equity now pending, or hereafter brought in any state court when the matter in dispute exceeds $500, and in which there shall be a controversy between citizens of different states, may be removed by either party into the circuit court of the United States for the proper district. It is conceded that plaintiff could not have commenced this action in the circuit court, for, as assignee of a claim other than negotiable paper, the limitation of section 1 would apply, and the court could not have cognizance of any such suit. Is this limitation applicable to actions sought to be removed from the state courts? The learned judge who denied the application for removal, held the affirmative of this proposition (*Abbott's New Cases, vol.* 1, *page* 18). The intention of the federal

legislature in this respect is not clearly expressed in the act itself. But section 2 gives a defendant the right to remove any suit without distinction as to the character in which the plaintiff sues, except that the parties to the controversy must be citizens of different states. The defendant was entitled as a matter of right to a change of forum (*Stevens* agt. *Phœnix Ins. Co.*, 41 *N. Y.*, 149; *Holden* agt. *Putnam Fire Ins. Co.*, 46 *id.*, 1; *Ayres* agt. *Western R. R. Co.*, 45 *id.*, 260; *Bell* agt. *Dix*, 49 *id.*, 232; *Kanouse* agt. *Martin*, 15 *How.* [*U. S.*], 198; *Gorden* agt. *Longest*, 16 *Peters*, 104), unless such right is controlled by the limitation above referred to, and that question should have been raised and decided in the circuit court (*Bell* agt. *Dix*, *supra*; *Games* agt. *Fuentes*, 92 *U. S.* [2 *Otto.*], 10). It involves the construction of a statute of the United States as to the jurisdiction of a federal court, and should have been referred to that tribunal for adjudication. Defendant's application met all the requirements of the act of March 3, 1875, and a stay was thus imposed upon all further proceedings in this court. The defendant might have availed himself of the authority and direction of the substituted tribunal at an earlier stage of the action, and thus have avoided the expense and delay of a fruitless litigation, but the cases above cited hold that the proceedings in this court are not a waiver of the objection to jurisdiction.

The judgment appealed from should be reversed.

ROBINSON, *J.* — The eleventh section of the judiciary act of congress, passed September 24, 1789, conferred original jurisdiction on circuit courts of all such of a civil nature where the matter in dispute, exclusive of costs, exceeded the sum or value of $500, and an alien was a party, or the suit was between a citizen of the state wherein it was brought and a citizen of another state, provided that no circuit court shall have no cognizance " of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee unless a suit may have been prosecuted in such court to recover

the said contents if no assignment had been made except in cases of foreign bills of exchange." And section 12 of the same act authorized any act commenced in any state court against an alien or citizen of another state when the amount in dispute, exclusive of costs, exceeded the sum or value of $500, to be removed by the defendant to the circuit court in the manner there provided. The act of July 27, 1866 (14 *Stats.*, 306) extended this privilege of removal in certain cases as to aliens and citizens of another state joined as defendants with other defendants not entitled to its benefits, and this privilege was further extended by the act of March 2, 1867, under other certain circumstances to cases where either a plaintiff or defendant was a citizen of another state than that of the other party, and made oath that he could not have a fair trial on account of local prejudice or influence (*Bushnell* agt. *Kennedy*, 9 *Wall.*, 387). The supreme court of the United States held that the restriction in section 11 of the act of 1789, against a circuit court taking cognizance of a suit instituted on behalf of an assignee unless it might, without such assignment, have been brought therein by the assignor, did not apply to a case removed into the circuit court by a defendant who was an alien or citizen of another state, although the plaintiff, the assignee of the cause of action, could not have brought the action in the circuit court.

In *Ayres* agt. *The Western Railroad Co.* (45 *N. Y.*, 264) the court of appeals recognized the same principle that the proviso or prohibition of the eleventh section not being found in the twelfth and the reason for it not existing, the defendant's right of removal (the other circumstances concurring) was complete. In *Barclay* agt. *Levee Commissioner* (1 *Woods* [5 *Circuit*], 254), it was held that the provisions of the act of 1867, for the removal of causes from the state courts, overrode the limitation in the eleventh section of the act of 1789, declaring that the circuit courts should not have cognizance of actions on choses of action, except foreign bills brought by an assignee, unless they might have been maintained by the

Leutz agt. Butterfield.

assignor if no assignment had been made. Whatever criticism might be applied to that restriction in the said eleventh section under the facts of this case as to whether the claim of the plaintiff for goods, wares and merchandise sold by his assignor to the defendant, as coming within the proviso, and a suit to recover the contents of a promissory or other chose in action, "the present case is free from any cavil in that respect. An examination of the act of congress of March 3, 1875, which presents the question of jurisdiction, raised by the defendant in this case, shows that the first section is but a substantial re-enactment of the eleventh section of the act of 1789, as above recited, and has reference solely to cases of original cognizance by circuit courts, and that section 2 is in principle but a brief embodiment of the right of removal conferred by the acts of 1789, 1866 and 1867, with such further rights, in that respect, as the Constitution justified congress in conferring upon the federal courts in respect to controversy between citizens and aliens, and between citizens of different states. While the acts of 1789 and 1866, limited such right of removal to defendants, that of 1867 also conferred it upon plaintiff, in special cases, and the act of 1875, in enacting that in any suit of a civil nature then pending or thereafter to be brought in a state court, in which there was a controversy between citizens of different states, either party might remove it into the circuit court of the proper district, but extended within constitutional limits the right conferred on congress, in that respect, by the Constitution. The principles decided in the cases above referred to in the United States court and in our court of appeals, are plainly applicable to, and control the construction of the second section of the act of 1875. The right of defendant to a removal of the present action to the circuit court of the district seems to have been perfect, although the suit may have been one by plaintiff, as assignee of a chose in action, in respect to which no such cases have been maintained in the circuit court by his assignor, if no assignment had been made. He had complied with all the requirements

Leutz agt. Butterfield.

of the act to effect such removal, and the case was one within the provisions of the act. Thereafter, all proceedings in this court were *coram non judice* (*Fisk* agt. *Union Pacific R. R. Co.*, 10 *Abb. Pr.* [*N. S.*], 457 ; *Stevens* agt. *Phœnix Fire Ins. Co.*, 41 *N. Y.*, 14 ; *Holden* agt. *Putnam Fire Ins. Co.*, 46 *id.*, 1 ; *Taylor* agt. *Shew*, 54 *id.*, 75).

The judgment should, for this reason, be reversed.

DALY, *C. J.* — I concur in the construction given to the act of 1875, and that the judgment should be reversed.

Judgment reversed.