# N. Y. COMMON PLEAS.

## JOHN LALOR agt. FANNY G. DUNNING and others.

*Removal of cause to United States court — proper case — what petition must
set forth — decision of motion not res adjudicata.*

To entitle a party to the removal of a cause from a state court to a United
States court it is not sufficient for the petitioner to state in his petition
that it is a proper case for removal, but the *facts* showing that the case
is a proper one to remove under the law must be set forth.

W.here, though the order for removal was obtained at special term, it was
obtained *ex parte* the plaintiff should not be driven to appeal but should
be permitted to apply to the special term for its vacation.

The decision of a motion is never *res adjudicata.*

*Special Term, December,* 1878.

THE action is brought to foreclose a purchase-money mort-
gage on property on One Hundred and Fourteenth street, New
York city, and all the parties to it are residents and citizens of
New York state. The defendant Wiley made the mortgage
to plaintiff and subsequently conveyed the property to Fanny
G. Dunning, subject to the mortgage. All the defendants
are in default except Fanny G. Dunning, and the only relief
asked for in the complaint against her is to bar her claim to
the property. She, however, presented to judge LARREMORE
a bond and petition for removal of cause to the United States
circuit court, claiming that the cause arose under the laws of
the United States, and the ground stated was, that an escheat
of the premises in question had accrued before the property
was conveyed by plaintiff, it having once been owned by a
national bank, and that by reason of such escheat there is a

failure of plaintiff's warranty in his deed to Wiley; and that plaintiff's warranty having been assigned to defendant Dunning she claims to offset damages for the breach of warranty against plaintiff's mortgage, and that the decision of the cause will require a construction of United States laws. On these facts an order was made, *ex parte*, removing the cause.

*Early & Shaw*, for plaintiff.

*Moore & Davidson*, for defendant Fanny G. Dunning.

VAN HOESEN, J.— It was unnecessary for the special term of this court to make any order for the removal of this cause to the United States circuit court. All that section 3 of chapter 3, 18 United States Statutes at large (*act of congress of* 1875) requires is, that the state court shall accept the bond, and the petition of the party seeking to transfer the action from the state to the federal court. The state court may, however, pass, in the first instance, upon the sufficiency of the bond and the sureties, and may also determine whether the facts exist which entitle a suitor to a removal of the cause. No provision is contained in the act as to what the petition must set forth, but nevertheless it must be made to appear, either by the petition or by other evidence, that the case falls within some one of the subdivisions of section 2 of the act in question (*Clark* agt. *Opdyke*, 10 *Hun*, 383.) In this case, the petition refers to certain allegations of the defendants' answer, but that pleading is not one of the papers in which application was made, nor was it used on the argument of this motion. The petition alone is before me, and by that I am to determine whether the order for the removal of the cause should be vacated. Though the order for removal was made at special term, it was obtained *ex parte*, and there is no impropriety, therefore, in my considering whether it should stand. The decision of a motion is never *res adjudicata* (*Smith* agt. *Spalding*, 3 *Rob.*, 615 ; *Belmont* agt. *Erie R. W. Co.*,

52 *Barb.*, 637; 4 *Wait's Practice, p.* 612, *subd.*, *b.*), and as the order of removal was obtained without notice, I think the plaintiff should not be driven to appeal, but should be permitted to apply to the special term for its vacation. It appears that this action is for the foreclosure of a mortgage, executed by George W. Wiley to the plaintiff, upon land situated in the city of New York. Judgment for the deficiency, if any there shall be after the foreclosure sale, is demanded against Wiley only. The petitioner, Mrs. Dunning, is made a defendant, and it is alleged that she has, or claims to have, some interest in the mortgaged premises. The only relief sought against her is that she be barred and foreclosed from all right in the property, and from all claim to redeem the same. The petition alleges that the suit arises under the laws of the United States, because "the defense partially rests upon an escheat of certain lands, tenements and hereditaments." What lands, &c., are here referred to, there is nothing to show, but I suspect the lands meant are those covered by the mortgage in suit. The petition then proceeds to allege that "the escheat arose, was caused, or if not caused, was continued and not cured, by the taking, owning, holding, purchasing, selling, bargaining, conveying, granting or assigning of said lands, tenements and hereditaments by a national bank, and in that the question arises as to the operative effect of sections 5136, 5137, 5154 and 5155 of the Revised Statutes of the United States, and the acts amendatory thereof, and as to what manner real property, acquired by a national bank, is taken and held by it."

Now, it is manifest that upon the foregoing allegations no court can say that this suit arose under the laws of the United States. It originated in the neglect of Mr. Wiley to pay the interest on a mortgage which he executed to the plaintiff. Mrs. Dunning, the petitioner, is made a party because she has, or claims to have, some interest in the premises; if she acquired that interest under any law of the United States, she has not so stated to the court. Not one fact is alleged

Lalor agt. Dunning.

from which it can be inferred that her defense rests upon a construction of any law of the United States. The most that is said is, that the defense rests partly upon an escheat. How the escheat was effected, does not appear. The allegation that it came about through some act of a "national bank in taking, owning, holding, purchasing, selling, bargaining, conveying, granting *or* assigning certain lands," is too vague and uncertain to be regarded as the averment of a fact. Nor is it aided by the expression of the petitioner's opinion that a question will arise as to the construction of sections 5136, 5137, 5154 and 5155 of the Revised Statutes. The supreme court of the United States, in construing the act under which the application for the removal of this cause was made, has decided that the *facts* must be stated which show the petitioner to be entitled to the removal. In *Little York Goldwashing Co.* agt. *Keyes* (6 *Weekly Digest, p.* 100), that court said, that a cause could not be removed from a state court simply because, in the progress of the litigation, it became necessary to give a construction to the Constitution or laws of the United States, but that the *decision* of the suit must depend on such construction. It was further said, that the suit must arise out of a controversy in regard to the operation and effect of the laws involved, and that it was the duty of the circuit court to remand the cause to the state court unless it appeared that the rights of the parties depended upon the decision of such a controversy. Tried by this test, the petitioner's application is fatally defective. If I thought that in any view the petition could be considered sufficient, the plaintiff would be left to his application to the United States circuit court for an order remanding the cause to this court, but it seems to me so utterly lacking in averments necessary to give the circuit court jurisdiction that I shall vacate the order which accepted the bond and the petition, and directed the removal of the cause. If the circuit court should deem the petition sufficient, it may issue its mandate staying proceedings in the common pleas ( *Bell* agt. *Dix,* 49 *N. Y.,* 232).

Lalor agt. Dunning.

In any event, the defendant cannot suffer; she may set up in her answer the proceedings she has taken to procure a removal of the action, and if it should be determined that her petition is regular and valid, she will obtain from this court a judgment declaring null and void every step taken in the common pleas subsequently to the presentation of her bond and petition to my predecessor at special term (*Shaft* agt. *Phœnix Life Ins. Co.*, 67 *N. Y.* 544).

The plaintiff's motion is granted.