WILLIAM A. KNOX, RESPONDENT, *v.* LAURENTINE McDONALD, FARLIN BALL AND SIDNEY BRIMMER, APPELLANTS.

*Injunction — when the execution of a warrant issued on a final order in summary proceedings cannot be stayed by it.*

Under the Code of Civil Procedure an injunction staying the execution of a warrant issued upon a final order, made in summary proceedings for the recovery of the possession of real property, can only be granted in a case where one would be granted to stay the execution of the final judgment in an action of ejectment.

To justify the granting of the injunction, it must be shown that the plaintiff is making an oppressive use of the judgment, or that he has ceased to own the premises, or that the defendant has, subsequently to its recovery, acquired some interest or equity in the property which should be protected, or that the judgment was obtained by fraud or collusion.

APPEAL from an order of the Oswego Special Term denying a motion to set aside and vacate an injunction, granted to restrain the defendants from executing a warrant issued upon a final order in summary proceedings made by the defendant Ball, a justice of the peace of Brownville, Jefferson county. A trial was had before the justice March 16, 1881, the plaintiff claiming that a renewal of his lease had been given by Mrs. McDonald, the land owner, and Mrs. McDonald denying it. The justice decided that such renewal had not been given and that Knox, the plaintiff here, was holding over, "after the expiration of his term, without the permission of the landlord," and thereupon the final order was made by the justice awarding possession of the farm (250 acres) to the owner. Thereupon the tenant (the plaintiff here) appealed to the County Court

of Jefferson county and gave an undertaking; he also procured an order from the special county judge of Jefferson granting a stay, which was set aside and vacated by that officer on the 21st of March, 1881.

This action was thereupon brought and an injunction order obtained from a justice of this court, which the Special term refused to vacate, and from such refusal this appeal is brought.

The complaint and affidavit upon which the injunction was granted stated, among other things, that after the making of the verbal lease for the year 1881 the plaintiff did the fall work on the farm and caused a large quantity of land to be plowed for the purpose of putting in crops in 1881; that he was advised and believed that errors were committed on the trial which would necessitate a reversal of the order on appeal; that there was no way by which the warrant and order could be stayed except by injunction; that the plaintiff was the owner of a large amount of personal property upon the farm, and that he did not own any farm and had no place to remove the said property to in case he was dispossessed and removed from the said premises, and that if he was so removed during the said appeal he would suffer great damages.

*Porter & Walts*, for the appellants.

*O' Brien & Emerson*, for the respondent.

HARDIN, J.:

Authorities are numerous to the effect that the court will not restrain by injunction summary proceedings for the recovery of possession of lands, when no fraud, mistake, surprise or undue advantage in the actual conduct of such proceedings is shown. (*Armstrong* v. *Cummings*, 20 Hun, 313.)

Such stay was prohibited by 2 Revised Statutes, 516; and under that provision it was settled that when the proceedings were not fraudulent or collusive and the officer had jurisdiction the court would not interfere by injunction to prevent or stay such proceedings. (*Sherman* v. *Wright*, 49 N. Y., 232.)

And in *Rapp* v. *Williams* (1 Hun, 716) it was decided that the question of the extension of the lease is one that can be properly

determined in the summary proceedings, and an injunction was refused when it was sought to prevent such summary proceedings from being taken as were taken in the case before us.

Have these rules been changed or abrogated by title 2 of the Code of Civil Procedure, in sections 2231 to 2265, inclusive? By section 2231 summary proceedings are authorized in a case like the one before us.

By section 2261 it is provided "The issuing or execution of the warrant cannot be stayed by such an appeal, or by the giving of an undertaking thereupon, otherwise *than as prescribed* in the next section."

The next section, to wit, 2262, provides for a holding over "after a default in the payment of rent." That section does not embrace a case like the one made before the justice. By section 2265 it is provided that if the final order "awards delivery of the possession to the petitioner, the issuing or execution of the warrant *thereupon cannot* be stayed or suspended *by any court or judge,* except in one of the following methods : (1) By an order made or an undertaking filed upon an appeal in a case, and in the manner specially prescribed for that purpose in this title. (2) By an injunction order granted in an action against the petitioner. Such an injunction shall not be granted  *  *  *  after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment" in an action of ejectment. The language of the statute is imperative and must be obeyed. When the order of injunction was applied for, did the plaintiff make a case where, according to settled rules, the court would stay an execution by injunction, after final judgment in ejectment? We think not. (*Jessurun* v. *Mackie*, 24 Hun, 624, opinion DAVIS, J.) (1) Injunctions or stays are granted of "final judgment" in ejectment when the plaintiff is making an "oppressive use" of it. (*Jackson* v. *Stiles*, 3 Wend., 429.) (2) When the plaintiff's title has terminated to the premises, or (3) where the defendant has, subsequent thereto, acquired some interest or equity in the subject-matter of the action which should be protected, or (4) when the judgment was obtained by fraud or collusion.

No such case was made out by the papers used on the application for the injunction order brought up for review.

II. Upon the papers used at Special Term it is apparent that the

whole equities of the plaintiff are denied. In such cases it is usual to dissolve the injunction. (*Perkins* v. *Warren*, 6 How., 341; *Schermerhorn* v. *Merrill*, 1 Barb., 511.)

Besides the denial in the answers it appears, upon a trial had before the justice, a determination was had of the question as to the extension or renewal of the lease, and that question was determined favorable to the landlord.

We are, therefore, unable to find any warrant in the provisions of the statute we have quoted, for an injunction against the execution of the final order made by the justice after hearing the evidence touching the merits fairly, and after acquiring full jurisdiction of the parties and the subject-matter, under such circumstances as to render his judgment conclusive upon the parties until reversed.

Again, if, upon an appeal to the County Court, the final order is reversed and judgment of the County Court given in favor of the tenant, that court may award restitution.

Furthermore, section 2263 expressly gives a right of action to the person dispossessed " to recover the damages which he has sustained by the dispossession."

Thus we see the plaintiff has an adequate remedy at law, and that furnishes ground for saying that a case has not been made " where an injunction would be granted to stay execution of the final judgment" in an action of ejectment.

The case of *Landon* v. *Supervisors of Schenectady* (24 Hun, 76) is distinguishable from this one.

We conclude that the Special Term ought to have vacated the injunction order, and we must reverse its order, with ten dollars costs and disbursements, and grant the motion to vacate the injunction, with ten dollars costs.

SMITH, P. J., and HAIGHT, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and motion to vacate injunction order granted, with ten dollars costs.