Bristol agt. Chapman.

———•••———

## SUPREME COURT.

FRIEND. BRISTOL, respondent agt. GEORGE M. CHAPMAN, appellant.

The plaintiff is entitled to notice of the application by the defendant for the removal of an action from the state courts into the circuit court of the United States, under section 12 of the judiciary act of 1798.

Prior to the service of the notice of application, the defendant, *it seems,* must cause his appearance to be entered, and file his petition in the *proper clerk's* office, in the county named in the complaint as the place of trial.

Where the defendant, before service of notice of retainer, appeared in open court, at a special term held in another district, and after entering his appearance in the minutes of the court, presented his petition for the removal of the action into the circuit court of the United States, and obtained an *ex parte* order of the court for such removal:

*Held,* that the order was irregular and void, for want of authority to make it.

*Onondaga General Term, June,* 1867.

*Before* MORGAN, BACON, FOSTER *and* MULLIN, *Justices.*

APPEAL from the order of the special term at Watertown, vacating an *ex parte* order of Justice BARNARD, granted by him at a special term in New York city, removing this cause into the circuit court of the United States.

PAINE & NEW, *for appellant.*
SPRIGGS & MCINCROW, *for respondent.*

*By the court,* MORGAN, J. The defendant, without having served a notice of retainer, walked into the court room in New York city, while Justice BARNARD was holding a special term, and without notice to the plaintiff's attorneys, caused his appearance to be entered in the minutes of the court, presented his petition for the removal of this action, under section 12 of the judiciary act of 1798, and obtained an *ex parte* order for such removal.

The place of trial is Oneida county; and upon motion to the special term held in Jefferson county, the order of Justice BARNARD was vacated. The appeal is from the order vacating the original order of removal.

I have looked into the authorities, and without citing them, I think the order of Justice BARNARD was irregular, and cannot be sustained for the following reasons :

1. I think the plaintiff's attorneys were entitled to notice of the application.

2. I think the entry of the defendant's appearance was irregular. The appearance contemplated by the act of congress, is doubtless an appearance to be entered in the minutes of the court; but the rules of this court have prescribed the manner in which the defendant's may appear, and what shall be deemed an appearance. This is by service of notice of retainer. On filing such notice, the defendant may, doubtless, enter his appearance in the proper clerk's office, and at the same time file his petition for the removal of the cause. Having filed his petition, he may then apply to the court at special term for an order of removal ; and, if necessary, obtain a stay of the plaintiff's proceedings until his application can be heard.

But whatever may be the correct practice in respect to entering the defendant's appearance, there is no difficulty in giving notice of the application at the same time the defend-

ant enters and gives notice of his appearance. (*Redmond* agt. *Russell*, 12 *Johns. R.* 153 ; *Conkling's Treatise*, 3d ed.. 479, *note ; Disbrow* agt. *Driggs*, 8 *Abb.* 305, *uote.*)

As notice was necessary in this case, the order of Justice BARNARD was not only irregular, but without authority ; the place of trial being in Oneida county. (*Code of Procedure*, § 401, *sub.* 4.)

The order appealed from should be affirmed, with $10 costs. Order affirmed.