EDWARD G. TAYLOR, Respondent, *v.* WILLIAM SHEW, Appellant.

Where, under the provisions of the Federal Judiciary Act of 1789 (§ 12, 1 Stats. at Large, 73), a defendant, resident of another State, files his petition for the removal of a cause from a State court to the Circuit Court of the United States, and presents a bond apparently in all respects ample, the State court cannot arbitrarily refuse to receive the bond, without giving the party an opportunity to correct the same in any respect in which it may be deemed insufficient.

In an action brought in the New York Common Pleas, where the claim was for $561.91, defendant, a resident of California, filed his petition for removal into the Circuit Court of the United States, and presented a bond, in due form, as required by the judiciary act, in the penal sum of $2,000, with two sureties, who justified in the sum of $4,000 each, which bond the court refused to accept, without stating any objection. *Held,* that it could not be assumed that the State court refused to accept the bond because not satisfied with the sureties; that after such presentation said court had no further jurisdiction, and that all subsequent proceedings therein were *coram non judice* and void.

(Argued March 6, 1873; decided June term, 1872.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the sum of $561.91, with interest, on an account stated.

The answer sets up several defences, and among them that the action has been removed to the Circuit Court of the United States. The facts appear sufficiently in the opinion.

*James S. Stearns* for the appellant. Upon the filing of defendant's petition and the tendering of his bond, the State court ceased to have jurisdiction. (Act of Sept. 24, 1789, 1 Stat. at Large, 73, § 12; *Stevens* v. *Phœnix Ins. Co.*, 41 N. Y., 149; *Gordon* v. *Longest*, 16 Pet., 97.) A State court has not power upon technicalities to deprive the Federal courts of a jurisdiction conferred by the Constitution and laws of the United States. (U. S. Const., Art. 3, § 2; Judiciary Act of 1789, 1 Stat. at Large, 73, § 12; *Gordon* v. *Longest*, 16 Pet., 104; *Kanouse* v. *Martin*, 15 How., 198; *Matthews* v. *Lyall*, 6 McL., 13.)

*William Bloomfield* for the respondent. The State court has power to regulate, by its own rules, the removal of cases into the Federal courts. (1 Stat. at Large, 73, § 12; *N. Y. Piano Co.* v. *N. H. Stbt. Co.*, 2 Abb. Pr. [N. S.], 357.) Notice of the application for removal should have been given to plaintiff. (*Disbrow* v. *Driggs*, 8 Abb. Pr., 308, note; *Cooley* v. *Lawrence*, 5 Duer, 605; 2 Hall, 649.) A notice of appearance must be served on plaintiff. (*Bristol* v. *Chapman*, 34 How. Pr., 140; *Ayres* v. *West. R. R. Co.*, 48 Barb., 132.) The bond was properly excluded from evidence. (*Hart* v. *Seixas*, 21 Wend., 40–49; *Judah* v. *Stagg's Ex'rs.*, 24 id., 238, 239; *People ex rel. Bean* v. *Russel*, 49 Barb., 351; *Robinson* v. *Potter*, 43 N. H., 188–194.)

EARL, C. It appeared upon the trial that the plaintiff's claim was for over $500, and that at the time of the commencement of the action the plaintiff was a citizen of the State of New York, and the defendant a citizen of the State of California; that within twenty days after the commencement of the action, defendant entered his appearance and filed his petition for the removal of the cause to the Circuit Court of the United States, in accordance with section 12 of the Federal Judiciary Act of 1789. The petition was correct in form and substance, and the appearance was properly entered, and no objection was made that they were not. At the time

of filing the petition, the defendant presented the same, with a bond, drawn, as required by the act, in the penal sum of $2,000, with two sureties, each of whom justified in the sum of $4,000, to a judge of the Court of Common Pleas, at Special Term, and the judge refused to accept the bond. No objection was made to the form or substance of the bond, and, so far as appears, to the sufficiency of the sureties. Notwithstanding all this, the judge, on the trial of this action, refused to dismiss the same, and in this he manifestly erred.

Section 12 of the act referred to, provides that if a suit be commenced in a State court by a citizen of the State in which the suit is brought, against a citizen of another State, and the matter in dispute exceeds the sum or value of $500, exclusive of costs, and the defendant shall, at the time of entering his appearance in such State court, file a petition for the removal of the cause for trial into the next Circuit Court, and offer good and sufficient surety for his entering in such court copies of the process against him, and also for his then appearing, it shall then be the duty of the State Court to accept the surety and proceed no further in the cause.

The defendant strictly complied with this statute, and thereafter the Court of Common Pleas had no further jurisdiction to proceed in the cause, and all that was subsequently done was *coram non judice*. (*Stevens* v. *The Phœnix Insurance Co.*, 41 N. Y., 149; *Gordon* v. *Longest* 16 Peters, 104; *Kanouse* v. *Martin*, 15 How. [U. S.], 198.)

The counsel for the plaintiff now claims that we must assume that the judge of the Common Pleas refused to accept the bond because he was not satisfied with the sureties. This we cannot do. The amount of the bond is abundantly sufficient for the purpose for which it is required. The sureties in the affidavits annexed to the bond made oath that they were each worth the sum of $4,000 over and above all his debts and responsibilities, and the one that he was a householder and the other that he was a freeholder within this State, and they are both in the bond described as residents

of the city of New York. It is true that the judge had the right to be satisfied that the sureties were " good and sufficient," and if he had any doubt that they were he could have had them brought before him to be examined under oath or he could have satisfied himself on that point in any of the ways known to the practice in the State courts. But he could not arbitrarily refuse to receive the bond without giving the party an opportunity to correct the same in any respect in which he might deem it insufficient, particularly in a case like this where the bond appears to be, in all respects, ample, and where there can be no suspicion that the sureties are not good.

The judgment below must, therefore, be reversed, and the defendant must recover all his costs after the entry of his appearance.

All concur.

Judgment reversed.