ALICE CHAMBERLAIN, Appellant, *v.* THE AMERICAN NATIONAL LIFE AND TRUST COMPANY, Respondent.

*Removal of cause to United States courts — act of March 3, 1875 — notice of application.*

Where the court at Special Term, upon a petition setting forth all the jurisdictional facts, after approving as sufficient the bond required by the statute, makes an order directing the cause to be removed, the removal is, *eo instanti*, complete, and cannot be reviewed or vacated on the ground of improvidence or inadvertence. The only remedy of the party aggrieved is by application to the United States Court to remand the cause.

*Semble*, that under the act of congress of March 3, 1875, providing for the removal of causes from the State Court to the United States Circuit Court, notice of the application for an order directing the removal should be given to the plaintiff, though not required by the terms of the act. (Per Brady and Daniels, JJ.)

APPEAL from order denying motion to vacate an *ex parte* order, removing a cause to the Circuit Court of the United States.

*Field & Deyo*, for the appellant.

*Lewis & Beecher*, for the respondent.

DAVIS, P. J. :

Upon petition of the defendant in due form, setting forth all the requirements of the act of congress approved March 3, 1875, entitled "An act to determine the jurisdiction of the Circuit Court of the United States, and to regulate the removal of causes from the State courts and for other purposes," and upon a bond, in the penal sum of $200, executed by one surety and duly acknowledged, the Special Term of this court, on the 14th of April, 1877, made an order which recited the material portions of the petition, and that the petitioner had offered good and sufficient security pursuant to the directions of, and as required by the said statute, and which order declared " that it is made to appear to the satisfaction of this court that the present suit is commenced in this court, by a citizen of the State of Massachusetts against a citizen of the State of Connecticut, and that the matter in dispute exceeds $500, exclusive of costs. And it is hereby further declared and ordered, that this court accept the surety offered by this petitioner, and that the said cause be removed for trial, into the said Circuit Court of the United States, to be held in the southern district of the State of New York, pursuant to the said statute, and that the said petitioner file the process, pleading and proceedings in the said cause in the office of the clerk of said Circuit Court, within twenty days from the date of filing of this petition, pursuant to the said statute, and that this court do proceed no further in the cause, and that all proceedings in this court therein be, and the same are hereby, stayed."

This order was made on the *ex parte* application of the respondent without notice to the appellant. Afterwards, and on the sixteenth of April, the justice holding Special Term, made an order that the respondent show cause on the nineteenth of April, following, why the order granted on April fourteenth, removing the cause from the Circuit Court of the United States, should not be vacated

and set aside, as having been improvidently and inadvertently granted. On the hearing of that motion it was denied by the court below on the ground that a motion in the Circuit Court to remand the case was the only way in which the order could be discharged. This appeal is brought from such order of denial. It will be seen, by the order above recited, that the petition set forth all the material facts required by the act of congress; that it was verified by one of the directors of the defendant; that it was accompanied by a bond, and that the court distinctly passed upon the question of the sufficiency of the surety and accepted the same as good and sufficient. This is a case, therefore, in which the jurisdictional facts authorizing the removal were presented to the court at Special Term, and that court, upon an *ex parte* hearing, found that such facts existed, and passed upon, and approved of, the sufficiency of the bond or security offered.

There is no provision in the act of congress requiring notice to the appellants, and the question of notice is not, therefore, a jurisdictional one. The appeal in this case is not taken from the order above recited, but from another order of the Special Term, denying the motion to vacate that order, on the ground that it was "improvidently and inadvertently granted."

It could not have been improvidently and inadvertently granted, if the case was one within the provisions of the act of congress, under which the petition was presented, and the jurisdictional facts were shown, and the requisite security given, because in such a case, the court below would have no right to exercise any discretion. I think the only questions which we have any power upon this appeal to consider are, whether the petition did set forth the jurisdictional facts required by the act of congress, and whether the security offered was such as to call for its approval by the court below. For, in our opinion, if the court below had jurisdiction to make the order upon the facts presented and found, and upon the bond or security given, its order was completely effective to transfer jurisdiction to the Circuit Court of the United States, and divest this court of all jurisdiction of the case; and such jurisdiction cannot be regained by this court, even if the appellate court differ with the court below upon the providence or regularity of the order.

It was held otherwise under a former act of congress, in *Bristol*

v. *Chapman* (34 How. Pr., 140), but that decision is put upon the absence of notice of the application, and however correct it may have been, under the judiciary act of 1789, such notice is clearly not required by the act of 1875.

In *Cooke* v. *State National Bank of Boston* (1 Lansing, 495; affirmed, 52 N. Y., 96), it was held by the General Term in substance that the order of removal might be reviewed on appeal, if the necessary acts to effect the removal have not been taken. In the Court of Appeals, the case passed off upon a jurisdictional or rather a constitutional question, the court holding that congress had no power to prevent suits being brought against national banks in our State courts.

In *Taylor* v. *Shew* (54 N. Y., 75), in which the question arose under the provisions of the act of 1789, the defendent presented a petition correct in form and substance, and properly entered his appearance. He also presented a bond as required by the act. The judge refused to accept the bond, and the Court of Common Pleas retained jurisdiction, and proceeded to the trial of the action, and overruled the plea of the defendant, that the action had been removed to the Circuit Court of the United States. The Commission of Appeals held that the defendants had strictly complied with the statute, and that the Court of Common Pleas had no further jurisdiction to proceed in the case, and all that was subsequently done was *coram non judice*, and in substance, that the refusal of the judge to accept the bond tendered had no effect to prevent the removal of the case.

In *Stevens* v. *Phœnix Insurance Company* (41 N. Y., 149), it was held that the act of congress is mandatory upon the State court, and that when the defendant complies strictly with the act, the State court has no further jurisdiction to proceed in the case. (*Gordon* v. *Longest*, 16 Peters, 97, 104; *Kanouse* v. *Martin*, 15 How., 198.)

If these cases be correct expositions of the law, it necessarily follows, that when the court at Special Term, makes its order upon a petition regular in form, setting forth all the jurisdictional facts, and upon the approval of the bond as sufficient, the removal is *eo instanti* complete, and cannot be overhauled on any ground of improvidence or inadvertence.

It was objected on the argument that the instrument called a

bond in the papers, was not sealed; but that fact does not appear. It is described in the order and in the papers as "a bond," and in the copy of the instrument given in the appeal papers it is stated, to have been signed, sealed and delivered, by the obligor.

In the order to show cause why the order should not be vacated, no such defect is pointed out. If it had been, and in point of fact, the bond was not sealed, it would have been clearly in the power of the court below to have allowed its execution to be completed. But we must assume upon all that appears before us that the instrument approved by the court below, was duly executed and delivered.

We are of opinion that the order should be affirmed, on the ground that the appellant's remedy is by motion in the United States Circuit Court, that the cause be remanded, as suggested by the court below.

The order should be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ.:

We think the plaintiff was regularly entitled to notice of the application although not in terms required by the act of congress; but as she was in no way injured, because notice was not given, concur for an affirmance of the order.

Order affirmed with ten dollars costs and disbursements.