Mary H. Mix, Respondent, v. The Andes Insurance Company, Appellant.

An application under the act of Congress of March 2, 1867 (14 U. S. Statutes at Large, 558), to remove a cause from a State court into the Circuit Court of the United States, may be made by a corporation of another State. The corporation may make the affidavit, required for such purpose, by its authorized agent.

*Cooke* v. *State Nat. Bank* (52 N. Y., 96), overruled as far as this point is concerned.

It is for the court to whom it is presented to determine whether the surety tendered, as required by said act, is "good and sufficient;" but it cannot arbitrarily reject a bond tendered which is sufficient in form, without specifying any cause; defects should be pointed out that they may be remedied.

Accordingly *held*, where a bond was tendered, upon its face a precise compliance with the act, that, in the absence of any specification to that effect, it could not be assumed that a denial of the petition for removal was on account of any insufficiency in the bond.

An objection to an affidavit taken in another State, to be used for the purposes of said act, that it is not properly certified as required by the act of 1869 (chap. 133, Laws of 1869), providing for the taking of affidavits in another State to be used in this State, should be taken at the time the affidavit is read, and if not then taken, it is waived.

Where an order, denying a motion for removal, recites that the papers upon which the motion was made, including the affidavit, were read, without stating such objection was made, it cannot be assumed that it was made, but the presumption is, that it was waived.

*Mix* v. *Andes Ins. Co.* (9 Hun, 397), reversed.

(Argued May 20, 1878; decided May 28, 1878.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court, on trial, without a jury. (Reported below, 9 Hun, 397.)

The facts appear sufficiently in the opinion.

W. F. Cogswell, for appellant. The jurisdiction of the State court was taken away by the proceedings taken by defendant to remove the cause into the United States court, and its proceedings thereafter were *coram non judice*. (14 Stat. at Large, 558; *Cooke* v. *State Nat. Bk. of Boston*, 52 N. Y., 96; *Shaft* v. *Phœnix Mut. L. Ins. Co.*, 67 id., 544; *People* v. *Utica Ins. Co.*, 15 J. R., 358, 382; *Ins. Co.* v. *Dunn*, 19 Wal., 214.

*Daniel Pratt*, for respondent. The proof at the circuit of the proceedings for the removal of the cause into the United States Court did not show a sufficient compliance with the federal statutes to effect such removal. (U. S. R. S., 113; *Bowen* v. *Chase*, 7 Blatch., 255; *Getty* v. *Binsse*, 49 N. Y., 385; *Risley* v. *Brown*, 67 id., 160; *Roberts* v. *Carrington*, 2 Hall, 650; *Bell* v. *Lyc. Ins. Co.*, 3 Hun, 410; *Hadden* v. *Putnam F. Ins. Co.*, 46 N. Y., 1; *Cooke* v. *State Nat. Bk.*, 52 id., 96; Laws 1869, chap. 133, p. 241.)

EARL, J. This action was commenced by the plaintiff against the defendant, an Ohio corporation, to recover upon a fire policy.

It was claimed upon the trial that this cause had been removed into the United States Circuit Court, under the act of Congress approved March 2, 1867 (14 U. S. Statutes at Large, 558), and this claim must be first examined. That act provides that when an action is brought in any State court "in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, and the matter in dispute exceeds the sum of $500, exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file, in such State court, an affidavit stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such State

court, may, at any time before the final hearing or trial of the suit, file a petition in such State court for the removal of the suit into the next Circuit Court of the United States to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of all process, etc., and it shall be, thereupon, the duty of the State court to accept the surety and proceed no further in the suit."

Under that act, before the answer was served in this action, the defendant filed a petition setting forth the facts required by the act and praying for a removal of the cause into the United States Circuit Court. The petition was signed in the name of the company by the president and he verified it. At the same time there was filed the affidavit of the president of the company, stating that "he has reason to believe, and does believe that from prejudice and local influence said company will not be able to obtain justice in this court." There was also filed a bond, signed by the defendant and one Cramer, to the purport and effect required by the act.

Upon the petition, affidavit, and bond, the defendant moved, upon notice to the plaintiff, at Special Term of the Supreme Court, for the removal of the cause, and the motion was denied. It does not appear upon what ground the plaintiff objected to the removal nor upon what ground it was denied by the court.

The defendant set up in its answer and insisted upon the trial that the cause had been removed and that the court had thus lost jurisdiction of the action. But the court retained jurisdiction, and proceeded in the action to judgment. Upon appeal to the General Term by the defendant, the jurisdiction of the Supreme Court was maintained upon the sole ground that the act of 1867 did not apply to the case of a corporation asking for the removal of a cause, for the reason that a corporation could not make an affidavit as required by that act.

It is not questioned that the defendant, although a corpo-

ration, was a citizen of the State of Ohio. But the claim is that as the statute requires the affidavit to be made by the party, and as a corporation cannot make an affidavit, it cannot have the benefit of the statute. It is true that, literally speaking, a corporation cannot believe, nor have motives or knowledge. Yet a corporation can legally entertain malice, be guilty of fraud, libel and other torts. Notice to its managing agents is notice to it; and their motives and knowledge and belief may be attributed to it. We do not think there was any purpose in the phraseology used to exclude corporations from the benefit of the act. A corporation could make the required affidavit, as it would do any other act, by its authorized agent, and this view is sanctioned by respectable authority. (*Insurance Company* v. *Dunn*, 19 Wall., 214; *Farmers' Loan, etc., Company* v. *Maquillan*, 3 Dillon, 379; *Minnett* v. *Milwaukee and St. Paul Railway Co.*, id., 460; *Shaft* v. *Phœnix Insurance Co.*, 67 N. Y., 544.)

The case of *Cooke* v. *State National Bank* (52 N. Y., 96) was relied upon by the court at General Term for its decision, and in form it was held in that case that a corporation could not make the affidavit required by the act of 1867, and hence could not avail itself of the benefit of that act. But that decision, as will be seen by the language used, was merely *pro forma*, to facilitate the final disposition of that case, and it was not intended to lay down a rule which would govern other cases.

But further objections to the removal of the cause are now made which do not appear to have been made at any earlier stage of the case. It is said that the court at Special Term had the right to deny the petition for the removal on account of the insufficiency of the bond. But the bond is sufficient in form. It is a joint obligation, and is signed by one surety who is a resident of the State. The statute does not prescribe the form in which the security shall be given, nor the amount thereof, except that the same shall " be good and sufficient." The court to which it is presented obviously must determine whether the security tendered is " good and

sufficient." It could doubtless require that the bond should be joint and several; it could determine the amount thereof, and it could require more than one surety if one were insufficient, and it could require the sureties to justify. But it could not arbitrarily reject the bond tendered without specifying any cause. An ordely administration of justice requires that the defects should be pointed out, so that they could be remedied, and so it has been said in decided cases. (*Taylor* v. *Sheu*, 54 N. Y., 75 ; *Fisk* v. *Union Pacific R. R. Co.*, 6 Blatchford, 362, 380 ; *Bowen* v. *Chase*, 7 id., 255.) This bond is sufficient in form and substance. Upon its face it is a precise compliance with the act, and in the absence of any specification to that effect, we cannot assume that the denial of the petition for the removal was on account of any insufficiency of the bond.

: The petition and affidavit contain all the facts which the statute requires to be stated therein ; but it is now objected that the affidavit which was made in the State of Ohio was not properly certified as required by chapter 133 of the Laws of 1869, so as to authorize it to be read upon the motion at Special Term. It is clear that it was not properly certified under the last named act. But this again is an objection which should have been taken at the time the affidavit was read, and if not then taken it was waived. We cannot assume that it was then taken. There is nothing showing that it was or that the motion for removal was denied on that ground. The order denying the motion recites that the papers upon which the motion was based were read and those papers included the affidavit. If the affidavit had been objected to and rejected as insufficiently certified, it would not have been read. It was in form and substance all that the act of Congress required, and if there was a defect in the certification of the same under the State law, so that it could not be read, such defect could be and was by silence waived. The affidavit was not rejected, but was read, and yet the petition was denied.

It is quite obvious that the removal was denied upon the

sole ground that a corporation could not have the benefit of the act of Congress. For reasons above stated that ground is not a valid one. The act of Congress therefore having been complied with, the cause was removed, and the Supreme Court had no jurisdiction thereafter to proceed further in the action.

The judgment must, therefore, be reversed, with costs to the defendant, subsequent to its appearance in this action.

All concur, except CHURCH, Ch. J., and MILLER, J., not voting.

Judgment reversed.