ELIZABETH SMITH, as Executrix of the Last Will and Testament of KEY PENDLETON SMITH, Deceased, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, First District, December, 1923.

Insurance (life) — beneficiary — interest in insurance policy to vest in insured should beneficiary predecease him — insured convicted of murdering beneficiary — when policy not enforcible — defense of public policy.

A policy of life insurance designating as the beneficiary the wife of the insured provided *inter alia* " that if the beneficiary should predecease the insured the interest in the policy would vest in the insured." Upon the conviction of the insured for the murder of the beneficiary, he was electrocuted. *Held*, that the policy, though silent as to the insurer's exemption from liability in the circumstances shown, was not enforcible and that in an action thereon brought by the executrix of the insured the defense of public policy must prevail and judgment directed in favor of the defendant.

ACTION to recover proceeds of insurance policy.

*Benjamin Cohn*, for plaintiff.

*Edward M. Grout* and *Paul Grout*, for defendant.

Bogenshutz, J.   Plaintiff seeks to recover $1,000, the amount of a policy of life insurance issued by the defendant on the life of the testator, Key Pendleton Smith.   The facts are stipulated. Defendant resists payment on the ground that it would be 'contrary to public policy to allow the plaintiff to recover.

The material facts are as follows:   On April 21, 1922, defendant issued a policy of insurance in the sum of $1,000 on the life of Key Pendleton Smith, who designated Marie Rose Smith, wife, as beneficiary.   Among other things, the policy provided " that if the beneficiary should predecease the insured the interest in the policy would vest in the insured."   On May 4, 1922, the insured, Key Pendleton Smith, murdered the beneficiary.   For this crime he was tried, convicted and electrocuted on June 25, 1923.   On July 25, 1923, his last will and testament was probated and letters testamentary issued to plaintiff, who brings this action in behalf of the estate.   The policy is silent as to the insurer's exemption from liability under such circumstances.

As stated, the defendant contends that the policy is unenforcible on the ground of public policy.   In support of this it invokes the rule " that even though there be no express stipulation for exemption, as a matter of public policy there can be no recovery on account of death due to the commission of a crime resulting in the infliction of capital punishment, especially where the insured murders the designated beneficiary."   *Burt* v. *Union Cent. Life Ins. Co.*, 187 U. S. 362.   Plaintiff claims that this defense is not available in the absence of a stipulation in the policy exempting the defendant in such case, citing *Collins* v. *Met. Life Ins. Co.*, 232 Ill. 37. In other words, plaintiff asserts the rule " that the law does not favor forfeiture; that the provisions of a policy should be strictly construed with that view, and the insurer should not be released from liability on technical grounds."

After diligent search, I find no decision by our state courts on the question here presented.   It is, however, my opinion that, on the facts, the situation must submit to the rule of public policy. I have reached this conclusion in view of well-reasoned authorities in other jurisdictions.   *Burt* v. *Union Cent. Life Ins. Co., supra; Collins* v. *Met. Life Ins. Co.*, 27 Penn. Super. Ct. 353; *Knights of Golden Rule* v. *Ainsworth*, 71 Ala. 436, 447.

It will be observed that the insured had a well-defined interest in the policy, which consisted of the right to have the proceeds of the policy paid to him in case he outlived the designated beneficiary or any other that might be substituted, according to the method prescribed in the policy.   The defendant was possessed of the right to insist that a change in beneficiary be made by this method.

*Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24. In view of the manner by which the beneficiary's predecease was effected, which divested her of her right to a contingent benefit in the policy, followed by the conviction and execution of the insured, the vital question immediately presents itself, did the contingent interest of the beneficiary, on her death as effected, vest in the insured an enforcible right to the proceeds of the policy? No principle of law is better settled than " that a party to an illegal contract cannot come into a court of law and ask to have his illegal object carried out; nor can he set up a case in which he must necessarily disclose an illegal purpose as the ground work of his claim." Knowing of no rule or reason to the contrary, it is my view that this principle should be extended to a case where a party to a lawful contract effects a change in the stipulated process by which it is to be lawfully executed, by the commission of a crime followed by capital punishment, especially where the change effected works to the wrongdoer's advantage. This reasoning forces the conclusion that the wrongful act of the insured rendered the policy void. The reason for the application of this rule in a situation such as this is obvious. It is not to aid an insurance company to avoid an obligation, but intended as a deterrent to wrongdoers, who might benefit from their wrongs. Whether the murder was committed with the intention of depriving the beneficiary of whatever benefit she might obtain, is, in my opinion, immaterial, as is also the failure of defendant to stipulate in the policy for exemption in such circumstances. While on a first analysis the case of *Collins* v. *Met. Life Ins. Co.*, *supra*, would seem to express a contrary view, a full consideration of the decision clearly indicates that the result was influenced by a certain provision in the Constitution of that state declaring against forfeiture of property rights.

On the foregoing reasoning the conclusion persists that the defense of public policy must prevail; that the policy is unenforcible. This view, it seems to me, is supported and controlled by abundant authority. *Burt* v. *Union Cent. Life Ins. Co.*, *supra; Northwestern Ins. Co.* v. *McCue*, 223 U. S. 234; *Scarborough* v. *American Nat. Ins. Co.*, 171 N. C. 353.

Judgment must be for defendant.

Judgment accordingly.