CAROLINE UDISKY, etc., Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Westchester County, December 22, 1941.

*Joseph F. Mika,* for the plaintiff.

*Bleakley, Platt & Walker,* for the defendant.

NOLAN, J. On the submission of this motion it was stipulated that the notice be amended, and that the motion might be considered by the court as a motion made solely for relief pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice. The court is concerned, therefore, only with the sufficiency of the defense, which alleges, as against a claim for an accidental death benefit, provided to be paid in an industrial life insurance policy, that the insured sustained injuries which caused or contributed to his death, while in the commission of a felony, to wit, attempting to escape from Connecticut State Prison, in Wethersfield, Conn. The facts which sustain the conclusion are not set forth, but it will be assumed, in view of the statements contained in the briefs submitted, and those made in court, in the discussion relative to

the amendment of the notice of motion, that death was not caused by suicide, or by the act of a third party which might constitute a homicide, justifiable or not, but by means ordinarily considered accidental, and which would justify recovery unless the court may read into the policy an exception, excluding liability for death resulting from accident while the insured was engaged in the commission of a felony. If such is not the case, the defendant need not set up the defense pleaded, but may, under the denials contained in its answer, offer proof of suicide or homicide, as opposed to plaintiff's contention that the death of the insured resulted from bodily injuries sustained through accidental means.

The policy contains no such exception. Defendant urges, however, that public policy requires that the policy be construed as excluding liability, even though such an exception is not therein included, since otherwise it must be construed as insuring against injuries directly resulting from the commission of crime by the insured, and consequently encouraging and rewarding crime. I do not agree that the contract must be so construed, or that a sound public policy requires the reading of any such exception into the policy. It may be conceded that if the policy had contained a provision requiring the company to pay, if the injury causing death should result from the insured's commission of a crime, it would be unenforcible. Under such circumstances, there would be a natural inference that the policy was obtained, and issued, in contemplation of the commission of the crime, and the danger incident thereto. Here there is no such contention, nor is there any connection shown between the issuance of the contract of insurance and the crime alleged to have been committed. Although the argument is far from conclusive, some light may be thrown on the question of public policy by an examination of the provisions of the present Insurance Law, which provides by section 164 that accident and health insurance policies may contain an *optional* standard provision to the effect that the insurer shall not be liable for death, injury incurred, or disease contracted to which a contributing cause was the insured's commission of or attempt to commit a felony or which occurs while the insured is engaged in an illegal occupation. If the public policy of the State required that no policy might be so construed as to provide for payment, under such circumstances, it would seem that the Legislature would not have considered it necessary to provide that such a provision might be included, in an accident or health insurance policy, at the option of the insurer. While the provision of the statute referred to may not be applied to the policy upon which this action is based, there appears to be no reason to

assume that the public policy of the State was any different at the time of the issuance of the policy in suit than it was at the time of the enactment of the statute. (Laws of 1940, chap. 520.)

The defendant insurance company might have excluded the risk by appropriate exception in its policy. Not having included the exception therein, it is bound by its contract. *Fabian* v. *Prudential Insurance Co.* (139 Misc. 640); *Manno* v. *Metropolitan Life Insurance Co.* (Id. 848), and *Piotrowski* v. *Prudential Insurance Co.* (141 id. 172), cited by the defendant, are not considered authorities to the contrary. In those cases the insured voluntarily put himself in such a position that he should have foreseen that his death would be the natural and probable result of his voluntary act. Under such circumstances, death is not accidental. The defendant in this case may urge that the insured's death was not accidental without so pleading, since plaintiff will have the burden of proving accidental death. Motion granted. Settle order on notice.