JENNIE L. ETTINGER, Individually, and JENNIE L. ETTINGER, as Administratrix, etc., of EMANUEL ETTINGER, Deceased, Appellants, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Respondent.— In an action to recover accidental death and total disability benefits under a contract of insurance, order denying plaintiffs' motion, pursuant to rule 109 of the Rules of Civil Practice, to strike out as insufficient in law the defense contained in paragraphs " Fifth " and " Sixth " of the answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MARIANO FANTI, Appellant, v. THE TRAVELERS INSURANCE COMPANY, Respondent.— This is an action predicated upon the disability and waiver of premium provisions of a life insurance policy, containing an incontestability clause, issued by the defendant to the plaintiff. Plaintiff concedes that he inflicted upon himself the gunshot wound which resulted in his disability, but not with the intent of collecting disability benefits under the policy. The defendant conceded the disability. Proof was then adduced by the defendant that the plaintiff was indicted for murder, the charge being that he shot and killed a woman on the same day that he inflicted the wound upon himself. He pleaded insanity, but was convicted of manslaughter in the first degree and sentenced to serve a term of years in State prison, and he was serving that sentence at the time of the trial of this case. Judgment in favor of the defendant, dismissing the complaint on the merits, unanimously affirmed, with costs. We are of opinion that it was an implied condition of the policy that the insured when in sound mind purposely would not inflict disabling injuries upon himself, thus creating the liability against which he was insured. (*Weber* v. *Supreme Tent of K. of M.*, 172 N. Y. 490; *Shipman* v. *Protected Home Circle*, 174 id. 398; *United States* v. *Steadman*, 73 F. [2d] 706; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Price* v. *Spielman Motor Sales Co., Inc.*, 261 App. Div. 626.) If the risk was not assumed, there is no liability, notwithstanding the incontestability clause. (*Matter of Metropolitan Life Ins. Co.* v. *Conway*, 252 N. Y. 449, 452.) The fact that the insured, without the intent of collecting the benefits under the policy, inflicted upon himself injuries resulting in disability is immaterial. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.