CAROLINE UDISKY, as Administratrix, etc., of ANTHONY UDISKY, Deceased, Respondent, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant, Respondent.— Action to recover double indemnity under a policy of insurance issued by the defendant upon the life of Anthony Udisky. The insured died as a consequence of injuries suffered in the course of an attempted escape from a jail in which he was confined as a prisoner. Plaintiff sought recovery on the theory that decedent had suffered death as a consequence of an accident. Order dated December 30, 1941, granting plaintiff's motion to strike out a separate defense, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The defense sufficiently alleged as an ultimate fact that the deceased had met his death during the commission of a felony, while attempting to escape from a Connecticut jail in which he was confined as a prisoner. It was not necessary to allege the evidentiary facts upon which this contention of ultimate fact rested. If the defense be sustained by credible proof, it is sufficient to bar a recovery under the insurance policy as a consequence of sound public policy. (*Jacob* v. *Prudential Ins. Co. of America,* 256 App. Div. 884; affd., 281 N. Y. 623.) The statutory provision invoked by the plaintiff took effect subsequent to the decision of the *Jacob* case. That provision (Ins. Law, § 164, subd. 4, ¶ [f]) is not to be interpreted as the creation of a new right on the part of the insurer in respect of the effect of public policy where the insured suffers injury or dies in the course of, or in an attempt to commit a felony. On that phase, in view of the *Jacob* case, the statute was merely declaratory of existing law. Order dated February 6, 1942, denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. The challenge to the sufficiency of the affidavits submitted by the defendant, because of want of authentication, must be deemed to have been waived. (*Rogers* v. *Rogers,* 54 App. Div. 195; *Mix* v. *Andes Ins. Co.,* 74 N. Y. 53.) Under the denials of the defendant an issue of fact is presented as to whether or not the insured met his death as a consequence of a deliberate act and not as a consequence of accident. It asserts that he jumped from the roof of a building forty-five feet above the ground — a deliberate or reckless act — and, therefore, the injuries from which he died were self-inflicted. If that view be accepted, there is no liability under the policy. (*Fanti* v. *Travelers Ins. Co.,* 264 App. Div. 724.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [177 Misc. 960.]

VIRGINIA M. WHEAT, Appellant, v. SARAH WHITLEY, Respondent.— Action to recover payments alleged to be due under a contract. Order denying plaintiff's motion under rules 113–114 of the Rules of Civil Practice, for partial summary judgment and for severance of the remaining issues, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.