Clyda TARRANCE, Plaintiff,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY,
Defendant.

Civ. A. No. 2996.

United States District Court
W. D. Kentucky, at Louisville.

April 12, 1956.

As Amended May 7, 1956.

Sandy Paniello, Louisville, Ky., for plaintiff.

Thomas W. Bullitt, Bullitt, Dawson & Tarrant, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

August 15, 1955, the plaintiff, Clyda Tarrance, filed her petition in the Jefferson Circuit Court, in which action she sought to recover against John Hancock Mutual Life Insurance Company, judgment in the sum of $9,300, representing the amount of seven policies of life insurance on the life of Roy Tarrance, and in addition the sum of $230.62, the alleged unearned portion of annual premiums representing the period of March 18, 1955 through December 31, 1956.

The action was removed by the defendant to this Court under Section 1441 of Title 28 United States Code, the action being one of which this Court had original jurisdiction because of the diversity of citizenship between the parties.

Answer was filed by the defendant, depositions taken and each party hereto filed a motion for a summary judgment. The motion was tried to the Court April 9, 1956.

The undisputed facts are that Roy Tarrance, while employed by Schenley Industries, Inc., was insured under a group policy issued by the defendant. The Master policy provided that the insured employee, upon termination of his employment, should have the right to have issued an individual policy of insurance for an amount equal to the insurance held under the group insurance policy, and in June 1952, the defendant issued seven new ordinary life policies aggregating a total in life insurance of $9,300 on the life of Roy Tarrance, in each and all of which the plaintiff Clyda Tarrance was the named beneficiary.

On March 18, 1955, following his conviction in the Jefferson Circuit Court on a charge of murder, Roy Tarrance was lawfully executed in the State Penitentiary at Eddyville, Kentucky, by electrocution.

Following his death, the plaintiff presented her claim as beneficiary under the policies and defendant refused payment on the ground that the death by lawful execution of Tarrance was not a risk assumed under the policies and it tendered to the plaintiff the cash value of Tarrance's permanent Group Insurance policy in the sum of $1,014.69 and $1,043.-65, representing the total amount of premiums paid on the ordinary life policies in full of its liability under the policies.

Subsequently, on the 22 day of December 1955, defendant paid the sum of $2,058.34, the sum of the cash surrender value and premiums paid, into the registry of this Court to abide the judgment and orders of the Court.

"Plaintiff and defendant are in agreement that no dispute exists as to the facts and that the policies of insurance sued upon are to be construed according to the law of the State of New York. The Court is of the opinion that the case presents the sole and single question of whether under the law of New York death by lawful execution for crime committed avoids liability for death benefits under a policy of life insurance as being against public policy."

The defendant relies upon Smith v. Metropolitan Life Insurance Co., 122 Misc. 136, 203 N.Y.S. 173, affirmed 125 Misc. 670, 211 N.Y.S. 755, Jacob v. Prudential Insurance Co., 256 App.Div. 884, 9 N.Y.S.2d 27, affirmed 281 N.Y. 623, 22 N.E.2d 177 and Udisky v. Metropolitan Life Insurance Co., 264 App.Div. 890, 35 N.Y.S.2d 1021.

Plaintiff relies upon the case of Prudential Insurance Co. of America v. Goldstein, D.C., 43 F.Supp. 765, 767. In the Goldstein case, "Bugsy" Goldstein, the insured in a policy of life insurance, in which his wife was the beneficiary, died by electrocution at the hands of the State, for committing the crime of murder.

The defendant there, as does the defendant in this case, sought to avoid liability on the ground that the public policy of the State of New York prevented recovery on the policy. There, as here, the insurance company relied upon Smith v. Metropolitan Life Insurance Co., supra, and Udisky v. Metropolitan Life Insurance Co., supra.

Summing up his final analysis of the applicable New York law, Judge Moscowitz said:

"* * * the granting of recovery in a case like the present one in no way benefits the criminal who is now dead and at least benefits his named beneficiaries who in most instances will be the persons deprived of support and maintenance by his death. On the other side of the ledger is the purely speculative possibility that a man who knows his kin are cared for by his insurance is more apt to commit a crime punishable by death.

In reply to such an assumption, it may well be asked what sort of crime deterrent the voiding of a man's life insurance may be, when the penalty of death does not halt his criminal act."

The Court accepts this analysis of the New York law and accordingly awards a judgment in favor of Mrs. Clyda Tarrance.

Judgment for the amount of the insurance, with interest and costs, will be tendered by Counsel for plaintiff, upon notice to defendant's Counsel.