employment of judgment and discretion on the part of the Governor. The power to determine whether the appraisal is correct is his, and we cannot deprive him of his discretion or adjudicate the value for him. In all matters resting in the sound discretion of the person to whom a duty is confided by law, mandamus will not lie to control the discretion or determine the decision which is to be made. (High's Ex. Rem. 42; Moses on Mandamus, 82; *Harpending* v. *Haight*, 39 Cal. 208.)

It is not necessary to inquire whether the Governor might be compelled to make inquiry in respect to the value of the property—if it should be made to appear that he had refused to make such inquiry. The application here is, that he be compelled to issue his certificate *approving* the valuation.

Ross, J., and THORNTON, J., concurred.

[By agreement between McKEE, J., and THORNTON, J., the latter acted for the former in this case.]

---

[No. 7,070.—In Bank.]

## SHEEHY *v.* HOLMES.

PROHIBITION — JURISDICTION — REMOVAL OF CAUSE TO FEDERAL COURT.—In an action by citizens of the State, against a citizen and an alien, upon a joint and several obligation, (the amount in controversy being over $500) the alien defendant applied to the Court in due form and time, for a removal of the cause to the United States Circuit Court; and, his motion being refused, applied to this Court for a writ of *prohibition*. *Held*, that he was entitled to the writ.

APPLICATION for a writ of prohibition to HOLMES, Judge of the Superior Court of Fresno County.

The original action was brought by B. F. Gibbons and Delilah Kates, against John Sheehy, (the plaintiff in this proceeding) and J. E. Linsley; and the complaint alleged that the defendants were indebted to the plaintiff jointly in the sum of $15,000, and that they " jointly and severally undertook and promised to pay to the plaintiff the said sum of $15,000, on or before the 26th day of November, 1879."

The petition for the writ alleges that the petitioner is an alien, and the other defendant and the plaintiff citizens of this State; that the complaint (of which a copy is attached) was filed, and summons issued and served upon petitioner; that before the time for answering expired, the petitioner entered his appearance, and at the same time filed his petition and the proper bond for the removal of the cause to the United States Circuit Court, and that the petition was denied. A supplemental petition, filed by leave of Court, alleges that the petitioner, since the filing of his petition, had, in pursuance of the statutes of the United States in such case made and provided, obtained a certified copy of the record in the original case and filed the same in the United States Circuit Court, and that that Court had assumed and acquired jurisdiction of the case.

*H. S. Dixon*, and *J. H. Smyth*, for Plaintiff.

Every ground for the writ exists. (3 Bl. Com. 112; *State* v. *Com. of Bonds*, 12 Am. Dec. 596, and note.) The Court acted judicially. (*Kanouse* v. *Martin*, 15 How. 198; *Francisco* v. *M. I. Co.* 36 Cal. 286.) There is no other plain, speedy, and adequate remedy. (*Fremont* v. *Crippen*, 10 Cal. 215; affirmed in *Babcock* v. *Goodrich*, 47 id. 508.) No appeal lies. (*Brooks* v. *Calderwood*, 19 Cal. 125; *Francisco* v. *M. I. Co.*, cited *supra*.)

*Prohibition* does not lie from the Federal Courts. (High. Ex. Rem. § 787; *In re Bininger*, 7 Blatchf. 159.)

*Mandamus* does not lie from the Federal Courts. (*McIntire* v. *Wood*, 7 Cranch, 504; *Bath Co.* v. *Amy*, 13 Wall. 241; U. S. Rev. Stat. § 639; *In re Cromie*, 2 Biss. 160.) Nor from this Court. (*Francisco* v. *M. I. Co.* cited *supra*.)

*Certiorari* does not lie from the Federal Courts. (U. S. Rev. Stat. § 645; Dillon on Removal, etc. 44 N. Y. 56.) Nor from this Court. (*People* v. *Co. Judge*, 40 Cal. 480.)

*Injunction* does not lie from the Federal Courts. (U. S. Rev. Stat. § 720; *Diggs* v. *Wolcott*, 4 Cranch, 179.) Nor from the State Courts; as this Court has no jurisdiction to issue it, and one Superior Court cannot enjoin proceedings of another. (*Uhlfelder* v. *Levy*, 9 Cal. 607.)

Further proceedings of the Court below, after the petitioner

has taken proper proceedings for the removal of the case, are without and in excess of the jurisdiction of the Court. (*Gordon* v. *Longest*, 16 Peters, 97; *Kanouse* v. *Martin*, 15 How. 198; *Insurance Co.* v. *Dunn*, 19 Wall. 223; *Hatch* v. *Chicago etc. R. R. Co.* 6 Blatchf. 117; *Fisk* v. *Union Pacific R. R. Co.* id. 362; *S. C.* 8 Blatchf. 243; *Matthews* v. *Lyall*, 6 McLean, 13; *Webster* v. *Crothers*, 1 Dill. 300; *Cobb* v. *G. etc. Co.* 6 Reporter, 515; *Arthur* v. *N. E. etc. Co.* 7 id. 329; *Taylor* v. *Rockafeller*, 6 id. 226; *Stoker* v. *Leavenworth*, 7 La. 394; *Oakey* v. *C. & R. R. Bank*, 14 id. 515; *Franciseus* v. *Surget*, 6 Rob. 33; *Rosenfield* v. *Adams Express Co.* 21 La. An. 233; *State* v. *Judges*, 23 id. 29; *Sneed* v. *Brownlow*, 4 Cold. 253; *Williams* v. *Atkins*, 6 Cold. 615; *Stewart* v. *Mordecai*, 40 Ga. 1; *Livermore* v. *Jenks*, 11 How. Pr. 479; *Steven* v. *P. Ins. Co.* 41 N. Y. 154; *Bell* v. *Dix*, 49 N. Y. 238; *Shaft* v. *P. M. Ins. Co.* 67 N. Y. 544; *Mix* v. *Andes etc. Co.* 6 Reporter 373; *Edwards* v. *Ward*, 2 Bush, 607; *Stanley* v. *C. & R. I. R. R. Co.* 62 Mo. 508; *Berry* v. *C. & R. R. R. Co.* 64 id. 534; *The Two Orphans*, 2 Cent. L. J. 730.)

The action being on a joint and several obligation, neither defendant is a necessary party as to the other. (Code Civ. Proc. §§ 383, 414; *Kelley* v. *Bandini*, 50 Cal. 530.) The petitioner was, therefore, entitled to a removal. (U. S. Rev. Stat. § 639; *Sands* v. *Smith*, 1 Dill. 290; *Wormser* v. *Dahlman*, 7 Reporter, 740; *Goodenough* v. *Warren*, 3 Pac. C. L. J. 255; *Gibbon* v. *Sheehy*, 5 Pac. C. L. J. 633.) There can be no traverse of the fact alleged in the petition for removal (*Rosenfeld* v. *Adams*, 21 La. An. 233; *Stewart* v. *Mordecai*, 40 Ga. 1); nor was any attempt made to deny them.

No brief on file for Defendant.

The COURT:

In this cause no answer has been filed by the respondent, nor was there any appearance on his behalf at the hearing. We have examined the case, and think the petitioner entitled to the writ prayed for.

Let the peremptory writ issue.