[In Bank. — June 29, 1883.]

## THE SOUTHERN PACIFIC RAILROAD COMPANY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Prohibition — Removal of Cause — Jurisdiction. — The filing of a petition and bond for the removal of a cause from a State court to the Circuit Court of the United States does not divest the State court of jurisdiction so far as to authorize a writ of prohibition to prevent it from proceeding to try the cause.

Application for a writ of prohibition. The facts are stated in the opinion of the court.

*Glassell, Smith & Patton*, for Petitioner.

*Smith, Brown & Hutton*, for Respondent.

Sharpstein, J. — This is an application for a writ to prohibit said Superior Court from proceeding any further in the case of *The People of the State of California* v. *The Southern Pacific Railroad Company*, which was commenced in said Superior Court, and afterwards, as the plaintiff claims, removed to the Circuit Court of the United States for the District of California.

It appears by the record before us, that the plaintiff herein filed an answer in the action commenced against it in said Superior Court, and afterwards, but on the same day, filed a petition

and bond for the removal of said suit into said Circuit Court. And that afterwards a certified copy of the record and proceedings in the case and of the petition and bond for the removal of said suit to said Circuit Court were filed therein. No objection was or is made to the sufficiency of the bond.

In the petition for a removal it is alleged that the action is " of a civil nature at law, and arising under the Constitution and laws of the United States, and that the matter in dispute exceeds, exclusive of costs, the sum and value of five hundred dollars." This is followed by more specific allegations as to the questions involved in said action, from which it appears that it was brought to recover taxes alleged to be due from said Railroad Company to said State and county, which the petitioner alleges are illegal, because the assessment on which said taxes are based was made in accordance with section 10, of article xiii., of the Constitution of this State, which the petitioner insists violates the fourteenth amendment of the Constitution of the United States, by depriving it, the petitioner, of its property without due process of law.

The Superior Court made an order denying the petition. According to the opinion of Blatchford, J., in *Hatch* v. *The Chicago, Rock Island and Pacific Railroad Company*, 6 Blatchf. 105, 117, it would appear that this order was wholly superfluous. In that opinion this language occurs: " No order of the State court for the removal of the cause is necessary. The right of the defendant to a removal is not dependent on the question whether the State court does or does not make an order." And this seems to be in consonance with the doctrine that the determination by a State court that a petition for the removal of a suit to a federal court is sufficient or insufficient is of no practical moment. (Dillon on Removal of Causes, 70.)

But it does not follow from this that a federal court upon the mere filing in it of copies of the record of the State court and the petition and bond for removal, acquires jurisdiction of the suit in the full sense of that term. For notwithstanding the filing and entry of a copy of the record of the suit in the federal court, it is the duty of the court to dismiss or remand the case whenever it appears to its satisfaction that the " suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the Circuit Court." (Act of Con-

gress of March 3, 1875, § 5.) And unless this suit is one "arising under the Constitution or laws of the United States," the federal court could not by any known process acquire jurisdiction of it. And if not within federal, it certainly was within State, jurisdiction. And this must be so whether or not the power to determine the question of jurisdiction is vested exclusively in the federal court. The fact of filing in that court a copy of the record of the State court, together with copies of the petition and bond for the removal of the suit, does not determine the question of jurisdiction. For "if it shall appear to the satisfaction of said Circuit Court *at any time* after such suit has been . . . . removed thereto, that such suit does not really and substantially involve a dispute or controversy, properly within the jurisdiction of said Circuit Court, . . . . the said Circuit Court *shall proceed no further therein*, but shall dismiss the suit or remand it to the court from which it was removed." It will thus be seen that while section three of the Act of 1875 provides that after a petition and bond for a removal of a suit commenced in a State court have been filed therein, "it shall be the duty of the State court to accept said petition and bond, and *proceed no further in such suit*, section five declares that upon its appearing that the suit is not one of federal cognizance, "the Circuit Court *shall proceed no further therein.*" And that court will not take cognizance of the suit unless it *affirmatively* appears by the record that the case is one within its jurisdiction. (*Trafton* v. *Nougues*, 4 Sawy. 178.)

So that when a suit is remanded to a State court by a federal court on the ground that the case is not one of federal cognizance, it is simply a recognition of the fact that the State court did not lose jurisdiction by reason of the attempt to remove the case from the State to the federal court. If the State court loses its jurisdiction it cannot be restored by a federal court. By reading sections three and five of the Act of 1875 together, they simply provide that after one of the parties to an action pending in a State court has taken the proper steps to remove it to a federal court, the State court shall "proceed no further in such suit" until the same is remanded or dismissed by the federal court. The removal of the suit to a federal court stays the proceedings in the State court until the case is remanded or dismissed by the

federal court. In *Knapp* v. *Railroad Co.* 20 Wall. 117, the Supreme Court of the United States reversed the judgment, with instructions to the United States Circuit Court to remand the case to the State court "from whence it was improperly removed to the Circuit court." It could not with propriety be said that the State court ever lost its jurisdiction of that case. It was a case within the jurisdiction of the State court and not within the jurisdiction of the federal court. The most that could fairly be claimed in such a case would be that while it was pending in the federal court the jurisdiction of the State court was in abeyance. In many of the cases it is said that upon the filing of a proper petition and bond in a State court for the removal of a suit pending therein every subsequent exercise of jurisdiction in the case by such court is null and void, and every step *coram non judice.* But Dillon, after saying that on the filing of such petition and bond "the *rightful* jurisdiction" of the State court "ceases *eo instanti*" and that a subsequent judgment of such court in the case would be *erroneous,* adds : "We do not say null and void. Such a judgment is perhaps valid unless reversed or set aside." (Dillon on Removal, etc., 67.) And the Supreme Court of Wisconsin held in a recent case that such a judgment was not null and void, but was valid until reversed or set aside. (*Johnson* v. *The Brewers' Fire Ins. Co.* 51 Wis. 570.)

It seems to us that this case is somewhat analogous to that of *The People* v. *Whitney,* 47 Cal. 584, in which an application for a writ of prohibition was based on the ground that after an appeal had been taken from an order of the district court denying a motion to change the place of trial, said district court was proceeding in the case as it might if no appeal had been pending in this court. The application was denied. The court said : "Conceding that the fact that the petitioner had taken an appeal to this court from the order of the court below, denying his motion to change the place of trial, entitled him to a continuance of the general cause in the court below, while such appeal was pending in this court, under section 946 of the Code of Civil Procedure, and within the rule laid down in *Pierson* v. *McCahill,* 23 Cal. 250, it does not follow that the court below has, by reason of the pendency of such appeal, lost jurisdiction of the case, or that a trial of the case pending the appeal would

be a proceeding without or in excess of the jurisdiction of the court below, in the sense of section 1162 of the Code of Civil Procedure, so as to authorize us to issue a writ of prohibition to that court."

In *Pierson* v. *McCahill, supra,* it was held that an appeal from an order denying a motion for a change of place of trial operated as a stay of all further proceedings in the case in the court below until such appeal was determined, and a judgment entered in the court below pending such appeal was reversed on the sole ground that it was error for that court to proceed in the case while an appeal from said order was pending in this court.

These two cases illustrate the difference between a stay of proceedings and a complete loss of jurisdiction. Proceedings had during a stay are erroneous only. Every step taken in a case after loss of jurisdiction is absolutely void. After an appeal a case may be remanded by the appellate court to the court below for further proceedings. And after a suit has been removed from a State to a federal court such suit may at any time be remanded to the court from which it was removed. Can it consistently be said that, in the case of an appeal, if there be a stay bond filed, the court below does not lose jurisdiction of the case so as to authorize the issuance of a writ of prohibition, but that, in case of removal of a suit from a State to a federal court, the former does lose jurisdiction so as to authorize the issuance of that writ?

In *Insurance Company* v. *Pechner,* 95 U. S. 183, it was held that where a State court had once acquired jurisdiction, it might proceed until it was judicially informed that its power over the cause had been *suspended.* In that case a State court had refused to *suspend* further proceedings, although a petition and bond for removal had been filed, and the Supreme Court of the United States affirmed the judgment of the court of appeals of New York, holding that as the petition did not state facts sufficient to entitle the petitioner to a removal, it was not even error for the State court to proceed to trial and judgment. "Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the case is suspended," is the language of the Supreme Court of the United States in that case. From which we infer that in the opinion

of that court a removal of a suit from a State to a federal court simply *suspends* the power of the former to further proceed in such suit until it is remanded or dismissed by the federal court.

It is quite clear that the filing of a petition and bond in a State court for a removal of a case pending therein to a federal court does not *ipso facto* confer jurisdiction upon the latter, and equally clear that the State court does not lose jurisdiction until it vests in the federal court. Conceding, then, that neither the State court in which an action is pending, nor this court, can determine whether the case is one which can be removed to a federal court, how can this court determine that the power of the State court over the cause has been suspended even? Because it is not even error for a State court to proceed in the trial of a case after a petition and bond for removal have been filed in it, unless such petition shows that the case is one of federal cognizance. (*Ins. Co.* v. *Pechner, supra.*) In "Removal Cases," 100 U. S. 457, the court said: "We fully recognize the principle heretofore asserted in many cases, that the State court is not required to let go its jurisdiction until a case is made which, upon its face, shows that the petitioner can remove the cause as a matter of right."

In *Bell* v. *Dix*, 49 N. Y. 232, a petition and bond for the removal of a case from a State court of original jurisdiction to a federal court had been filed, and a motion made in the State court for a stay of proceedings, which was denied. From that order an appeal was taken to the Supreme Court, and from that court to the court of appeals, in both of which the order denying the stay was affirmed. In the opinion of the latter court it is said: "The order of the Supreme Court, or of this court, granting or refusing a stay, would be in effect but the expression of an opinion upon the question; as neither court has the power to decide the question either way, the decision would neither be authoritative nor final in the premises."

In *Ex parte Grimball*, the Supreme Court of Alabama (8 Cent. Law J. 151) denied an application for a writ of prohibition to prevent a court of original jurisdiction from proceeding further in a cause after a petition and bond for its removal had been filed. The ground upon which the refusal in that case was

based was that it did not appear that the case was one which could properly be removed from a State to a federal court.

In the two cases last cited, the highest appellate courts of New York and Alabama, for different reasons, declined to interfere in cases in which inferior courts of those States were proceeding with the trials after petitions and bonds for removals had been filed.

But it seems to us quite clear that, if we can look into the petition for removal for the purpose of determining whether a case within federal cognizance is presented, the Superior Court in which the case is pending may do so, and if it can, its determination of the question, whether right or wrong, would neither be without nor in excess of its jurisdiction. If, on the other hand, neither the Superior Court nor this court can inquire into the sufficiency of a petition filed for the removal of a cause to a federal court, we do not see how the result reached in *Bell* v. *Dix*, *supra*, can be avoided. How this court can determine whether a Superior Court is proceeding without or in excess of its jurisdiction, unless we are permitted to inquire whether or not the case is one of federal cognizance, passes our comprehension. For, as before remarked, if it be not, a federal court cannot acquire jurisdiction of it. And if it takes jurisdiction of such a case, and proceeds to trial and judgment, the Supreme Court of the United States will reverse the judgment and remand the case to the State court "from whence it was *improperly* removed to such federal court." (*Knapp* v. *R. R. Co.* 20 Wall. 117.)

In a very recent case the Supreme Court of Texas affirmed a judgment in a case in which the court below proceeded to try a cause, notwithstanding the filing of a petition and bond for its removal to the federal court, holding that the State court had the power to inquire into the sufficiency of the petition, and if insufficient, it was not error to disregard it. After reviewing the decisions of the Supreme Court of the United States, the Supreme Court of Texas says: "These decisions all leave a discretion with the State court to at least pass upon the sufficiency of the case made by the petition. They do not require that it should surrender its jurisdiction until a petition complying with

the provisions of the statute is presented to the court." (*Texas and Pacific Railway Company* v. *McAllister*, 59 Tex. 349.)

In *Sheehy* v. *Holmes*, 55 Cal. 485, we did grant an application similar to the one now before us. But in that case no one appeared to resist the application, and it is quite evident that the case received but little attention in this court. We do not think under the circumstances that it should be followed.

Application denied.

MCKEE, J., MCKINSTRY, J., and Ross, J., concurred.

MYRICK, J.—I concur in the judgment, for the reason that it does not appear to me that the Superior Court is acting in excess of its jurisdiction.

Petition for rehearing denied.