IN RE ESTATE OF J. F. O. BANNING, Deceased Testate.

APPEAL OF B. R. BANNING.

HEARING, DECEMBER 29, 1893. DECISION, JANUARY 3, 1894.

JUDD, C.J., BICKERTON J., AND CECIL BROWN, ESQ., ACTING JUSTICE.

A Circuit Judge revoked an order of discharge of an administrator, ordered a new account and directed the administrator to credit himself with the money and securities mentioned in a receipt by one of the devisees.

Held, the order respecting the new account was not final and was therefore not appealable.

OPINION OF THE COURT, BY JUDD, C.J.

Both Mr. Justice Frear of this Court, and Judge Whiting of the Circuit Court, First Circuit, being disqualified and Judge Cooper being also disqualified, having made the order appealed from, on the 3d January, 1894, Cecil Brown, Esquire, a member of the bar of the Supreme Court, was authorized by written request of the remaining members of this Court to try and determine the case.

An order had been made on the 15th February, 1893, by Mr. Justice Frear, while Circuit Judge, approving the accounts of Mr. W. F. Allen, administrator with the will annexed of the estate of J. F. O. Banning, distributing the

estate and discharging the administrator. On a petition by the beneficiaries under the will of the testator, Mrs. C. H. Banning, widow, and B. R. Banning, son, Circuit Judge Cooper, on the ground that by the will the trust had not determined, revoked on July 21st, 1893, the order of discharge, ordered a new account to be filed and directed that the administrator should credit himself with the money and securities mentioned in the receipt given by B. R. Banning. The petitioners appealed from this order.

Mr. Hatch, for Allen, respondent, moved this Court that the appeal be dismissed on the ground that no final order had been made in the Court below. Mr. Hatch for the motion, contended that as the petition asked for revocation of the order of discharge of the administrator on the ground that it was not justified by the will, and this was granted, the petitioner, being the prevailing party, has no ground of appeal. The direction to the administrator as to the future accounting was merely an intimation as to what view the Court would take of the B. R. Banning receipt. This part of the order was interlocutory. When the account is made and an order passing upon it made, it will be final so far as that account is concerned and it will be appealable.

Messrs. Hartwell and Kinney, *per contra*,—If this Court shall hold that the part of the Judge Cooper's order allowing Mr. Allen to credit himself with the amount of the securities in the receipt in question is *obiter dictum*, we are safe. It is not likely that Judge Cooper will change his opinion. The order made was final. A general appeal was taken and we select and ask to be heard upon that portion of the order which is adverse to us. Unless we had taken this course we might finally lose our appeal on this question by reason of its being held to be *res adjudicata* when brought up again.

## By the Court.

By repeated decisions of this Court decided in July, 1893, *Provisional Government vs. W. G. Smith; Provisional Government vs. Ah Un; Brown vs. Carvalho; Provisional Government*

*vs. C. A. Hering* and *Provisional Government vs. H. F. Poor*, we have held that a final disposition of the cause must be made before it is appealable. In this case the order of Judge Cooper was not final. The instruction given to the administrator as to the way his account should be made expressed the then view of the Court on a question involved, but the account was not before the Court and there was no order made approving or disallowing it or any items in it. With this in view, we do not consider that the order in this respect could be held to be *res adjudicata* when the account shall be made and finally passed upon and brought up here on appeal.

We do not consider the order to be final and therefore dismiss the appeal without prejudice to the appellants.

*A. S. Hartwell* and *W. A. Kinney*, for appellants.

*F. M. Hatch*, for respondent.